650 A.2d 1202

**Jean WHITESIDE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (UNISYS CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1994.

Decided Nov. 22, 1994.

Reargument Denied Jan. 18, 1994.

490

Gerard K. Schrom, for petitioner.

Andrew K. Touchstone, for respondent.

Before PELLEGRINI, and KELLEY, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Jean Whiteside (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) reversing the Referee's decision granting Claimant's petition for compensation because stress at work caused her disabling physical injuries. Characterizing her injuries from stress solely as mental, the Board reversed, because she had not established that the stress flowed from abnormal working conditions.

Claimant was employed by Burroughs Corporation (Burroughs) since 1966. In 1987, Burroughs merged with another company to form UNISYS Corporation (Employer). As a

result of the stress associated with the change in Claimant's job duties following the merger, Claimant began experiencing various physical problems which impeded her ability to work. Because Employer refused to pay compensation since it believed that Claimant's "injury" was not work-related, Claimant filed a petition seeking workmen's compensation benefits.

At the hearing before the Referee, Claimant testified as to the changes in her work environment and responsibilities following the merger. She stated that, subsequent to the merger, she was assigned a new boss and new duties, and because two individuals in her department were laid off, her workload increased. Claimant also testified that she was required to 1) attend meetings, which she could not understand, with salaried employees; 2) attend other meetings in place of her new boss; 3) learn a new computer system from a book while still meeting deadlines; and 4) learn the job of a salaried employee and teach that person their job. To fulfill these responsibilities, Claimant was required to come into work early and leave late. Further, Claimant testified that following the increase in her duties, she began experiencing pains in her chest, severe diarrhea, loss of appetite and loss of sleep. Furthermore, Claimant stated that she also developed headaches, angina and gastrointestinal pain.

Because of the severity of her symptoms, Claimant stopped working in September, 1987. When she attempted to return to work in December of that year, she discovered that her desk and belongings had been moved from her office into the middle of a drafting room. At that time, Claimant's illness forced her to spend most of the day in the rest room, preventing her from working.

In support of her petition, Claimant also presented the deposition testimony of John R. DiMedio, Ph. D., and Leonard G. Guinta, D.O. Dr. Guinta, a psychiatrist, testified that he had diagnosed Claimant as having anxiety neurosis, headaches, angina, and gastrointestinal problems, including profuse diarrhea and persistent abdominal pain. Moreover, Dr. Guinta stated that, although he did not know about the specific details of Claimant's job, he had spoken to Claimant in general

terms about the pressures and stress she felt from work. With regard to whether her condition was work-related, he opined that, without doubt, he believed that these symptoms were caused by her employment and the stress associated with it. In support of this statement, Dr. Guinta cited to the fact that each time Claimant was confronted with the prospect of returning to work, her symptoms became worse.

Dr. DiMedio testified that he began treating Claimant when she was referred to him by Employer. He testified that he had diagnosed Claimant as having clinical depression which was the result of the stress associated with her job. More specifically, Dr. DiMedio attributed Claimant's condition to the abrupt changes at her place of employment. Although he did not know about all of the events which disturbed Claimant, she had related some of the incidents to him and based upon this knowledge, he testified that Claimant's emotional and physical symptoms were normal responses to an abnormal situation.

Employer only called Claimant's supervisor, Joseph Schlenner, who testified as to Claimant's job responsibilities and performance following the merger. He confirmed Claimant's testimony regarding the changes in employment after the merger, but also stated that the other employees in Claimant's department were likewise required to assume greater responsibilities. Before the Referee, Employer only contended that Claimant's testimony established that she had a psychological injury, not a physical one, and that Claimant was not exposed to an abnormal working condition.

Finding Claimant's testimony regarding her emotional and physical problems resulting from the merger and subsequent increase in her responsibilities to be credible and persuasive, and accepting as credible, persuasive and unequivocal the medical testimony of Claimant's doctors regarding her symptoms and the work-relatedness of her injuries, the Referee found for the Claimant and awarded her benefits. Employer appealed to the Board.

Before the Board, Employer contended that the Referee erred in classifying Claimant's symptoms as being physical

injuries resulting from a mental stimulus. Rather, Employer contended, Claimant's symptoms were mental injuries resulting from a mental stimulus, and since Claimant failed to adduce evidence of an abnormal working condition, she should have been denied benefits. The Board agreed with Employer's contentions and reversed the Referee, holding that Claimant had not proven that she had suffered a physical injury. Rather, the Board held, Claimant's symptoms were only mental injuries stemming from her stress, and since Claimant had not established an abnormal working condition by unequivocal medical evidence, she was not entitled to compensation. The instant appeal follows.

■ To obtain workmen's compensation benefits, a claimant bears the burden of proving all the elements of a claim, including the facts that he or she has sustained an injury, and that this injury was caused by the claimant's employment. *See Bennett v. Workmen's Compensation Appeal Board,* 157 Pa.Commonwealth Ct. 124, 629 A.2d 208 (1993). Where, as here, an appeal has a psychological component to causation, this Court has recognized three categories of cases, with different burdens of proof that Claimant has to meet depending upon the category in which the claim falls:

1. Psychological stimulus causing physical injury [mental/physical];

2. Physical stimulus causing psychic injury physical/mental]; and

3. Psychological stimulus causing psychic injury [mental/mental].

*Boeing Vertol Co. v. Workmen's Compensation Appeal Board (Coles),* 107 Pa.Commonwealth Ct. 388, 390, 528 A.2d 1020, 1021 (1987), *petition for allowance of appeal denied,* 517 Pa. 619, 538 A.2d 501 (1988).

■ In a case involving a mental/physical claim, the claimant is exposed to some psychological trauma or stimulus which, in turn, causes the claimant to suffer a distinct physical injury. In such cases, the stimulus may be a brief, sudden shock or a prolonged stimulus such as high stress or anxiety

that results into a distinct and identifiable physical injury that limits the claimant's ability to work. The classic example of such a case is the claimant who suffers a heart attack as a result of work-related stress. *Washington Food Specialties, Inc. v. Workmen's Compensation Appeal Board (Britko)*, 144 Pa.Commonwealth Ct. 226, 601 A.2d 439 (1991), *petition for allowance of appeal denied*, 533 Pa. 603, 617 A.2d 1277 (1992). Additional examples include angina and ischemic heart condition resulting from stress or anxiety. *Borough of Media v. Workmen's Compensation Appeal Board (Dorsey)*, 134 Pa.Commonwealth Ct. 573, 580 A.2d 431 (1990) (holding angina to be a physical injury); *Steinle v. Workmen's Compensation Appeal Board*, 38 Pa.Commonwealth Ct. 241, 393 A.2d 503 (1978) (holding ischemic heart condition to be a physical injury). When a claim falls into this category, the claimant is required to prove a causal connection between the stimulus and resulting injury. *Washington Food Specialties v. Workmen's Compensation Appeal Board (Britko)*, 144 Pa.Commonwealth Ct. 226, 601 A.2d 439 (1991), *petition for allowance of appeal denied*, 533 Pa. 603, 617 A.2d 1277 (1992).

In a physical/mental case, the classification not involved in this appeal, the claimant sustains a physical trauma which usually results in some physical disability. Following the trauma, the claimant in such cases also exhibits some psychological or nervous injury which impedes his ability to maintain employment. Examples of such cases include depression and attempted suicide arising from the fear of returning to a job where the claimant had been pinned by a hopper, hysterical blindness following the claimant being sprayed in the eye with oven cleaner, and psychosomatic uncontrollable flapping of the wrist after a glass shelf fell on it. *Textron, Inc.—Townsend Co. v. Workmen's Compensation Appeal Board (Morack)*, 105 Pa.Commonwealth Ct. 273, 523 A.2d 1216 (1987) (depression and attempted suicide); *Mrs. Smith Pie Co. v. Workmen's Compensation Appeal Board*, 57 Pa.Commonwealth Ct. 274, 426 A.2d 209 (1981) (hysterical blindness); *Workmen's Compensation Appeal Board v. F.W. Woolworth Co.*, 19 Pa.Commonwealth Ct. 413, 338 A.2d 784

(1975) (wrist flapping). As with the mental/physical case, the claimant suffering a mental injury from a physical stimulus need only prove that the stimulus caused the injury. *Washington Food Specialties v. Workmen's Compensation Appeal Board (Britko)*, 144 Pa.Commonwealth Ct. 226, 601 A.2d 439 (1991), *petition for allowance of appeal denied*, 533 Pa. 603, 617 A.2d 1277 (1992).

▐ The third classification, a mental/mental case, arises when the claimant is exposed to a psychologically traumatic stimulus and subsequently develops a psychological or nervous injury. As with the mental/physical claim, the stimulus may be a brief and sudden shock or an enduring stimulus such as anxiety or stress. Examples of cases within this category include a claimant developing paranoia schizophrenia as a result of the stresses associated with being a police officer, and a claimant suffering from panic disorder and fainting as a result of harassment from his supervisor. *Leo v. Workmen's Compensation Appeal Board (Charleroi)*, 114 Pa.Commonwealth Ct. 6, 537 A.2d 399 (1988) (paranoia schizophrenia); *McDonough v. Workmen's Compensation Appeal Board (Commonwealth, Dept. of Transportation)*, 80 Pa.Commonwealth Ct. 1, 470 A.2d 1099 (1984) (panic disorder and fainting). In this type of case, because of the difficulty in determining whether, in fact, the claimant has been exposed to a traumatic stimulus and has suffered a psychic injury, not only must the claimant prove that he has sustained an injury caused by his employment, but he also must prove an abnormal working condition which caused this injury.

▐ Claimant contends that the Board erred in finding that her condition was a psychological one and that she had to prove an abnormal working condition. Rather, Claimant contends that the Referee was correct in finding the stress at work caused her physical injuries. We agree with Claimant that her condition involving angina, profuse diarrhea and abdominal pain falls within the mental/physical, rather than the mental/mental, classification. Her work stress resulted in distinct and identifiable physical injuries, not a disabling men-

tal one. Claimant presented uncontroverted medical testimony from both Dr. DiMedio and Dr. Guinta that she is suffering from numerous ailments, including headaches, angina, and severe diarrhea. Moreover, these witnesses testified that Claimant's symptoms were caused by her anxiety and stress, and that their severity substantially limited Claimant's ability to work. In *Breen v. Commonwealth*, 52 Pa.Commonwealth Ct. 41, 415 A.2d 148 (1980), a case similar to this one, we held that stress resulting in colitis was mental/physical, and that the claimant need not establish that there were abnormal working conditions. Because Claimant has suffered distinct physical injuries as a result of experiencing high levels of stress and anxiety, this is a mental/physical case.

■ Even if the mental/physical classification applies, Employer contends that the decision of the Board should be affirmed because both of Claimant's witnesses were unaware of the specific details of Claimant's job requirements. Claimant has the burden of proving a causal connection between her work environment and her injuries. If the causal connection is not obvious, or when there is no discrete incident to which the injury may be attributed, the claimant was required to provide unequivocal medical testimony that her physical condition was caused by her work environment. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Commonwealth Ct. 461, 593 A.2d 921, *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991).

■ Medical testimony is deemed to be unequivocal if, after providing a foundation, the witness testifies that he believes that the fact exists. *Galbreath v. Workmen's Compensation Appeal Board (Gordon)*, 156 Pa.Commonwealth Ct. 378, 627 A.2d 287 (1993), *petition for allowance of appeal denied*, 537 Pa. 643, 644 A.2d 165 (1994). However, it is not necessary that the medical expert testifies with one hundred percent certainty; rather, it is sufficient if he testifies that he believes or thinks that the facts exist. *Deitrich v. Workmen's Compensation Appeal Board (Shamokin Cycle Shop)*, 136 Pa.Commonwealth Ct. 557, 584 A.2d 372 (1990). For a medical witness's testimony to be considered unequivocal and

competent, a necessary foundation must be provided upon which the medical witness bases his opinion. However, it is not necessary that the witness have knowledge of the specific details of the claimant's job for his or her testimony to be considered unequivocal and competent. *Washington Food Specialties, Inc. v. Workmen's Compensation Appeal Board (Britko)*, 144 Pa.Commonwealth Ct. 226, 601 A.2d 439 (1991), *petition for allowance of appeal denied*, 533 Pa. 603, 617 A.2d 1277 (1992).[1] There is a sufficient foundation if the testimony of the medical witness is premised upon the personal history given to him by the claimant. *See Henderson v. Workmen's Compensation Appeal Board (County of Allegheny)*, 78 Pa.Commonwealth Ct. 243, 467 A.2d 410 (1983).

 ██ Both of Claimant's medical witnesses testified that her physical injuries were caused by her exposure to work-related stress. Moreover, both witnesses stated that, although they did not know the specific details of Claimant's job responsibilities, they had spoken to Claimant generally about her work environment and were aware of the stress she was experiencing. Dr. DiMedio testified that Claimant had told him of some of the demands placed upon her by Employer and her difficulty in coping with them. Since the doctors' testimony establishing the causal connection between Claimant's work environment and her physical injuries were predicated upon the history and statements given to them by Claimant during the course of her treatment, there was a sufficient foundation to make it competent.

1. The cases cited by Employer, which have required that the medical witness's testimony be based upon actual knowledge of the specific details of the claimant's work environment and job responsibilities, involved mental/mental claims. *See Calabris v. Workmen's Compensation Appeal Board (American General Co.)*, 141 Pa.Commonwealth Ct. 405, 595 A.2d 765 (1991). As previously mentioned, however, in such cases the claimant's burden or proof is significantly greater, requiring the claimant to pinpoint an abnormal working condition which caused the psychological injury. Since the present case involves a mental/physical claim, this additional requirement for unequivocal testimony is not required. *Washington Food Specialties, Inc. v. Workmen's Compensation Appeal Board (Britko)*, 144 Pa.Commonwealth Ct. 226, 601 A.2d 439 (1991), *petition for allowance of appeal denied*, 533 Pa. 603, 617 A.2d 1277 (1992).

█ Finally, Employer contends that, if Claimant is awarded benefits, it should receive credit for sickness and accident benefits already paid to Claimant. In so contending, Employer cites to *Workmen's Compensation Appeal Board v. Czepurnyj*, 20 Pa.Commonwealth Ct. 305, 340 A.2d 915 (1975), which upheld an award of subrogation rights to an employer for payments to the claimant under a non-occupational "social insurance plan." Although Employer may have had such subrogation rights here, this was not raised before the Referee, and we will not address it here. *See* 77 P.S. § 671.[2]

Because this is a mental/physical case, and because Claimant established a causal connection between the conditions of her work environment and her physical injuries, the decision of the Board is reversed.

## ORDER

AND NOW, this 22nd day of November, 1994, the order of the Workmen's Compensation Appeal Board, dated September 30, 1993, at No. A92–1824, is reversed.

---

2. Act of June 2, 1915, P. 736, *as reenacted and amended,* 77 P.S. § 671.