**METROPOLITAN EDISON COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WERNER), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1995.

Decided Oct. 26, 1995.

Reargument Denied Dec. 7, 1995.

---

Daniel E.P. Bausher, for petitioner.

Donald F. Smith, Jr., for respondent.

Before COLINS, President Judge, NEWMAN, Judge, and LORD, Senior Judge.

COLINS, President Judge.

Employer Metropolitan Edison Company appeals the order of the Workmen's Compensation Appeal Board (Board) affirming the workers' compensation judge's (WCJ) grant of partial disability benefits on the basis that claimant sustained his burden of proving a work-related injury. The issue currently before the Court is whether shift work maladaptation syndrome (SWMS) is a compensable injury under the Workers' Compensation Act,[1] and, if so, whether the applicable burden of proof is that for a physical injury or a mental injury.

Claimant Stephen Werner filed a claim petition alleging that on December 10, 1990, he had become physically disabled with diarrhea, headaches and digestive problems as a result of the physical stress of working a six-week rotating shift schedule over a five year period. Employer denied the allegations. The WCJ granted claimant partial disability finding that claimant proved by sufficient competent evidence that claimant suffered a work-related injury in the nature of shift work maladaptation syndrome which rendered claimant disabled from working the night shift, but not the day shift. Employer appealed and the Board affirmed.

Employer now appeals to this Court arguing: 1) SWMS is not a compensable injury under Section 301 of the Act[2] or a disease under Section 108 of the Act;[3] 2) employer argues that if SWMS is an injury then it is a mental/mental injury because it results from anxiety related to working shift work and other factors in claimant's life and that claimant did not sustain his burden of proving abnormal working conditions.

■ After reviewing this case in terms of whether there is substantial evidence[4] to support the findings of the referee, whether the Board committed any errors of law or whether there are any constitutional violations;[5] we affirm the order of the Board.

The WCJ found an injury under Section 301 of the Act, reasoning that the condition of shift work resulted in the injury of disabling diarrhea, headaches, abdominal cramping, etc. This finding is supported by the testimony of claimant's expert Dr. Gary Richardson. Dr. Richardson is an instructor in medicine at Harvard Medical School, Director of the Neuroendocrine Clinic at Harvard Medical School, board certified in internal medicine and endocrinology and co-author of a chapter devoted to sleep disorders, circadian rhythm disorders and shift work problems.

■ The WCJ found claimant's expert credible and accordingly rejected employer's theory.[6] Dr. Richardson testified that shift work can cause an interruption in the circadian rhythmicity resulting in the constellation of symptoms as exhibited by claimant. This interruption in the circadian rhythm is a physical stress on the body, the response to which is the manifestation of physical prob-

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

2. 77 P.S. § 431.

3. 77 P.S. § 27.1.

4. Substantial evidence is "such relevant evidence which a reasonable mind might accept as adequate to support a finding." *York Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas)*, 140 Pa.Cmwlth. 75, 591 A.2d 762, 764 n. 5 (1991).

5. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988), *appeal after remand on other grounds*, 143 Pa.Cmwlth. 69, 598 A.2d 602 (1991).

6. The WCJ, as fact finder, has exclusive power over questions of credibility and evidentiary weight, and as such may accept or reject the testimony of any witness, including medical witnesses, in whole or in part. *Mardee Sportswear v. Workmen's Compensation Appeal Board (Franglo, Inc.)*, 98 Pa.Cmwlth. 327, 511 A.2d 905 (1986).

lems such as disabling diarrhea, abdominal cramping, headaches, and vomiting. Thus, the WCJ concluded this is a physical injury and the claimant sustained his burden of proving an injury resulting in disability with a decrease in earning power. We agree.

 Employer argues that SWMS is not an injury under the Act but fails to cite any portion of the statute or any case law supporting this argument. Moreover, it is well established that:

> [i]t is for the Legislature alone to fix the terms and conditions under which a claimant may qualify, and those terms and conditions may not, under the guise of construing the statute, be amended, extended or restricted, whether the result compelled by the Act in a particular case may appear to be harsh [ ]; or whether that result may appear to be generous.

*Czepukaitis v. Philadelphia & Reading Coal & Iron Co.*, 203 Pa.Superior Ct. 493, 500, 201 A.2d 271, 275 (1964). The right to workers' compensation is established when a claimant proves by more than a mere preponderance of the evidence that an injury arose in the course of employment, and that the injury was related to that employment. Here the WCJ found that claimant was injured and the true question presented is whether there is substantial evidence to support that finding.[7] After a careful review of the record we find there is substantial evidence to support the findings of the WCJ.

Furthermore, we affirm the WCJ's application of the physical injury burden of proof. Here, claimant did not plead the existence of an "anxiety" or "mental problem" resulting in physical symptoms.[8] Instead, the claimant here alleged that the condition of working a midnight shift caused him physical problems and the physical problems rendered him unable to work. When claimant works day shifts, his circadian rhythm is not interrupted and he experiences no physical problems.

That fact that the specific injury of SWMS has not been previously presented to the courts for review, does not alter this Court's scope of review. This is a case of substantial evidence. Essentially, employer asks us to adopt its proffered evidence suggesting that claimant suffered an underlying mental stress which manifested itself into a disabling physical condition. The WCJ specifically rejected this evidence finding it not credible. The WCJ accepted as credible the impressive testimony of Dr. Richardson, who testified that claimant's condition results in a physical injury. We will not, nor could we, disturb that credibility determination. *Bethenergy Mines Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

 Furthermore, while the employer initially attempted to accommodate employee, it subsequently revoked the job offered and replaced it with a job involving shift work. Employee was not released to perform shift work and the employer failed to meet its responsibility of a reasonable accommodation. *Bennett v. Workmen's Compensation Appeal Board (McCreary Tire & Rubber Co.)*, 150 Pa.Cmwlth. 525, 616 A.2d 75 (1992).

Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

---

7. "It is well settled that it is solely within the [WCJ's] discretion to find facts and, if these facts are grounded in substantial evidence, this Court may not disturb them." *Pokita v. Workmen's Compensation Appeal Board (U.S. Air)*, 163 Pa. Cmwlth. 97, 639 A.2d 1310, 1312 (1994).

8. Employer argues *Kemp v. Workmen's Compensation Appeal Board (Elkland Electric Co.)*, 121 Pa.Cmwlth. 23, 549 A.2d 1365 (1988), *appeal denied*, 523 Pa. 652, 567 A.2d 655 (1989) (claimant suffered physical symptoms which were caused by mental anxiety that claimant experienced over losing her job), and *Breen v. Pennsylvania Crime Commission*, 52 Pa.Cmwlth. 41, 415 A.2d 148 (1980) (claimant alleged stressed caused the anxiety resulting in a work-related injury) control. However, in each case, the underlying action was based upon a finding of a mental anxiety manifesting itself into physical problems. Employer also alleges *Whiteside v. Workmen's Compensation Appeal Board (Unisys Corporation)*, 168 Pa.Cmwlth. 488, 650 A.2d 1202 (1994) supports its argument because in *Whiteside* this Court held that where a claimant suffers distinct physical injuries as a result of mental stress the case is a mental/physical case and the claimant need not prove abnormal working conditions.

We find the above-cited cases are not controlling in this case, because here claimant did not plead any type of underlying mental condition.

## ORDER

**AND NOW,** this 26th day of October, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

