## C. HANNAH & SONS CONSTRUCTION, Petitioner,

v.

## WORKERS' COMPENSATION APPEAL BOARD (DAYS), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 7, 2001.

Decided Oct. 17, 2001.

---

Garrett W. Brindle, Philadelphia, for petitioner.

Richard A. Veon, Philadelphia, for respondent.

Before COLINS, J., McGINLEY, J., and RODGERS, Senior Judge.

COLINS, Judge.

C. Hannah & Sons Construction (Employer) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that affirmed the order of the Workers' Compensation Judge (WCJ) granting Alfonzie Days (Claimant) benefits for psychic injury based on a finding of abnormal working conditions.[1] We affirm.

Claimant worked for employer beginning as a foreman, and later as a superintendent, for approximately 12 to 15 years. Claimant's job duties included supervising field work, attending meetings, and keeping track of the time of personnel. On April 2, 1997, Claimant filed a claim petition alleging that as of December 17, 1995, he sustained a work-related injury in the nature of major depression during the course and scope of employment with Employer. In its answer, Employer denied Claimant's allegations.

Claimant testified that the city wage tax, state and federal taxes, unemployment, social security contributions, and his union checkoff were all deducted from his pay-check. However, he discovered that certain benefits were not being paid which had been deducted when he applied for unemployment compensation in 1994. (Hearing Transcript, p. 6). Also in 1994, Claimant became aware that he was not going to receive his union's health and welfare benefits because he did not meet the minimum hours requirement of 300. To the contrary, Claimant had over 700 hours at that time and should have qualified for medical treatment benefits. (Hearing Transcript, p. 10). Upon receipt of this information, Claimant notified the owner of the company, Mr. Charles Hannah, who agreed to remedy the situation.

In 1995, Claimant went to the hospital for abdominal and back pain and discovered that his medical bills were not covered. Claimant then found out that his Employer had not contributed to his union's fund for at least two and a half years. Claimant learned that Employer had paid only 40 hours on Claimant's behalf. (Hearing Transcipt, p. 12). After further investigation, Claimant learned that nothing was paid into social security for 1992, 1993 or 1994. Again, Claimant approached Mr. Hannah who informed Claimant that "he would take care of it." (Hearing Transcript, p. 13).

Claimant stopped working for Employer on December 17, 1995 for the stated reason that he was experiencing hostile feelings toward Mr. Hannah, could not communicate with him, and could not work for Employer because he could never trust the owner again. Claimant stated that he wanted to harm Mr. Hannah and sometimes wanted to harm himself. He also suffered from back pain, headaches, and chest pain. Claimant filed a claim petition

1. The order of the WCJ was affirmed as amended to reflect that Employer is entitled to a credit for unemployment compensation benefits paid to claimant.

on April 7, 1997. The WCJ credited his testimony.

Mr. Hannah testified in opposition to Claimant's claim petition. He testified that he was unaware that Claimant's social security, health, and employment benefits were not paid and that he informed Claimant that money was tight. Hannah further testified that he did not know what date his attorney told him about Claimant's injury but received something mailed March 10, 1997 and that the claim petition was mailed in April 1997. (Hearing Transcript, p. 70). The WCJ concluded Mr. Hannah's testimony was less credible than that of Claimant. (Findings of Fact Nos. 18–19).

In support of the claim petition, Claimant offered the deposition testimony of Clancy D. McKenzie, M.D., who is board-certified in psychiatry, neurology, and forensic examination. Dr. McKenzie first examined Claimant on December 2, 1996, and he testified that after Claimant realized his employer did not pay the aforementioned taxes but had taken the money out of Claimant's paycheck, Claimant experienced an enormous all-consuming rage along with homicidal and suicidal feelings that caused headaches, gastritis, colitis, and stomach pain. Dr. McKenzie noted that Claimant was not sleeping properly, lacked energy, and was socially withdrawn. He diagnosed him with major depression.[2] (Deposition Transcript, pp. 21, 29). Dr. McKenzie prescribed Prozac and Desyrel for Claimant's depression and sleep disorder. The WCJ credited Dr. McKenzie's testimony. (Findings of Fact, Nos. 25–27).

In opposition, Employer offered the deposition testimony of Timothy J. Michaels, M.D., who is board-certified in psychiatry and forensic psychiatry. Dr. Michaels ex-amined Claimant on September 23, 1997, and he opined that Claimant exhibited no evidence of any mental disorder or depression at the time of his examination, although he may have experienced a depressive disorder unrelated to employment at C. Hannah & Sons Construction. (Deposition Testimony, p. 43). The WCJ found Dr. Michaels' opinion that Claimant was not disabled on a psychiatric basis not credible. (Finding of Fact No. 33).

Based upon the credibility determinations, the WCJ found that Claimant's psychiatric injury resulted from abnormal working conditions caused by the repetitive failure of Mr. Hannah to pay Claimant's benefits for which Mr. Hannah had already deducted payment from Claimant's paycheck. Also, the WCJ stated that Claimant notified his Employer of the work-related injury by filing his claim petition on April 7, 1997. The WCJ stated that the claim petition was filed within 120 days of notice to Claimant of his diagnosis by Dr. McKenzie as required by the Workers' Compensation Act (Act).[3] (Finding of Fact No. 13).

The Board affirmed the decision of the WCJ stating,

[a]lthough the WCJ found that Defendant received notice of Claimant's Petition as of April 7, 1997, which is beyond the 120 day time period, in fact, Claimant served Defendant notice on April 2, 1997, which is exactly 120 days from the date of Dr. McKenzie's first meeting with Claimant. Moreover, Mr. Hannah testified that he received notice of Claimant's injury in March 1997. (Hannah N.T., 2/25/98, p. 70). Therefore, substantial competent evidence supports the WCJ's finding that Defendant was

---

2. Claimant did not receive any prior psychiatric treatment except for routine evaluations when he was a paratrooper.

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

notified within 120 days of Claimant's injury.

(Board Opinion, p. 8).

 Employer now appeals to this Court. On appeal, Employer raises two issues for our review.[4] First, Employer raises the issue of whether the Board erred in concluding that Claimant provided timely notice of his work injury to his Employer as required under Section 311 of the Act, 77 P.S. § 631. Claimant acknowledges that he filed his claim petition two days late; however, he maintains that Mr. Hannah admitted on direct examination that he knew of the claim before the 120 days had expired. Claimant relies on *Kocher's IGA v. Workers' Compensation Appeal Board (Dietrich)* 729 A.2d 145, 147 (Pa.Cmwlth.1999), *petition for allowance of appeal denied*, 561 Pa. 680, 749 A.2d 473 (2000), which states,

> Section 311 of the Act provides that a claimant must provide notice to the employer of the occurrence of an injury within 120 days of that injury. Such notice must inform the employer that the employee received an injury, in the course of his employment, on or about a specified time, at or near a place specified. Section 312 of the Act, 77 P.S. § 632. A claimant's failure to provide such notice to the employer within 120 days of the injury generally operates as a bar to compensation unless a claimant can show that the employer has actual knowledge of the occurrence of the injury. Section 311 of the Act. However, in cases where the cause of the injury or its relationship to the employment is not known to the employee, Section 311 of the Act contains a discovery provision which provides that the time for giving notice shall not begin to run until the employee knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

*Kocher's IGA*, 729 A.2d at 147. The claimant has the burden of establishing that the employer was given notice of the injury and receipt of such notice is a prerequisite to receiving compensation. *Gribble v. Workers' Compensation Appeal Board (Cambria County Association for the Blind)*, 692 A.2d 1160 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 549 Pa. 719, 701 A.2d 579 (1997); *Pennsylvania Mines Corporation/Greenwich Collieries v. Workmen's Compensation Appeal Board (Mitchell)*, 166 Pa.Cmwlth.58, 646 A.2d 28 (1994). Whether a claimant has complied with the notice requirements of the Act is a question of fact for the WCJ. *Id.* The function of the Board and this Court is to determine, upon consideration of the evidence as a whole, whether the WCJ's findings have the requisite measure of support in the record. *Bethenergy Mines Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

As Claimant notes, the WCJ did not correctly calculate the 120 day notice requirement. Nevertheless, substantial evidence does exist in the record to support the WCJ's finding that timely notice was in fact given. The additional testimony of Charles Hannah, that he received something in the mail on March 10, 1997, informing him of claimant's injury claim provides substantial competent evidence to support the WCJ's finding of notice within 120 days of claimant's injury. (Hearing Transcript, p. 70).

---

4. Our review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Davis v. Workmen's Compensation Appeal Board (Swarthmore Borough)*, 561 Pa. 462, 751 A.2d 168 (2000); 2 Pa.C.S. § 704.

Secondly, employer raises the issue of whether the Board erred in concluding that claimant's injury arose in the course of employment and whether an abnormal working condition was present. Employer argues that claimant's injury did not occur during the course of his employment nor was claimant's psychological condition related to the performance of his duties in furtherance of employer's business. We disagree.

■ Under the mental/mental standard, a claimant is exposed to a psychologically traumatic stimulus and subsequently develops a psychological or nervous injury. *Whiteside v. Workmen's Compensation Appeal Board (Unisys Corporation)*, 168 Pa.Cmwlth. 488, 650 A.2d 1202 (1994), *petition for allowance of appeal denied*, 544 Pa. 650, 664 A.2d 978 (1995). In this type of case, not only must a claimant prove that he has sustained an injury caused by his employment, but he must also prove that an abnormal working condition caused the injury. *Whiteside*. The reason for this heightened burden of proof is the lack of any outward manifestation or other objective identification of the injury. *Id.*

■ The WCJ's finding that Employer systematically stole money from claimant's paycheck clearly supports the legal conclusion that an abnormal working condition existed. Having concluded that an abnormal working condition existed, the WCJ found that Claimant suffered a mental injury as a result of the repetitive failure of Claimant's employer to pay the appropriate taxes. That finding of a mental injury was based upon Dr. McKenzie's credible testimony relating Claimant's psychiatric problems.

Here, the WCJ correctly found that Employer's repetitive failure to pay the Claimant's benefits for which Employer deducted money from Claimant's paychecks created an abnormal working condition. The receipt of wages is an essential and fundamental part of the employment relationship, and Claimant was within the course and scope of employment when he received his paycheck and when the money was deducted from each paycheck. Further, Employer's repeated acts rise to the level of a criminal act that threatened Claimant's financial security and is not contemplated within the normal employment relationship. *US Airways v. Workers' Compensation Appeal Board (Long)*, 756 A.2d 96 (Pa.Cmwlth.2000), *petition for allowance of appeal denied*, 565 Pa. 659, 771 A.2d 1293 (2001) (claimant experienced trauma as a result of extraordinary events at work, which caused her disabling psychological injury). Therefore, we conclude that the Board did not err in affirming the WCJ's conclusion that Claimant established an abnormal working condition and that Claimant's injuries were within the course and scope of employment.

Accordingly, the order of the Board is affirmed.

### ORDER

**AND NOW,** this 17th day of October 2001, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**