GENTEX CORPORATION
and Gallagher Bassett
Services, Petitioners

v.

WORKERS' COMPENSATION
APPEAL BOARD (MORACK),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 24, 2009.

Decided June 4, 2009.

Michael A. Sebastian, Scranton, for petitioners.

George E. Mehalchick, Scranton, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Gentex Corp. (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) granting a Claim Petition filed by Anne Marie Morack (Claimant). We reverse.

Claimant filed a Claim Petition on October 9, 2006 alleging she sustained bilateral hand and wrist injuries in the course and

scope of her employment as of January 17, 2005. Employer filed an answer denying the allegations. It indicated that notice was an issue in this matter at the April 24, 2007 hearing. Reproduced Record (R.R.) at 43a.

Claimant testified that she began working for Employer as an Inspector whereupon she inspected lenses for helmets. After about twelve years, she moved to inspecting all parts for inside the helmets. She worked this job for about twenty-seven years. According to Claimant, she never experienced problems with her hands during these time periods. In 2003, her duties increased. Claimant went in an hour earlier to complete all of her duties. Claimant started having difficulties with her hands upon working with her new duties. She had swelling and pain. In addition, her fingers would get stuck in a certain position.

According to Claimant, she told Claire Lewis, her supervisor, of her complaints. She acknowledged she did not discuss what was causing her problems. At that time, she did not know what was wrong with her. Ultimately, on January 17, 2005, Claimant could not tolerate the pain anymore. She saw a doctor and was taken off work. She delivered the note taking her off work to the guard house. Pursuant to Employer's policy, she called in every day for the next five days saying that she would not be in. Claimant indicated she told Employer only that the doctor told her she was fatigued and could not use her hands for a while. Claimant applied for short-term disability benefits on February 2, 2005. She noted that her condition was not work-related. Specifically, Claimant put on the application that she had "swell-

ing in arm's (sic), hands, knees and ankles due to Fibromyalgia pluss (sic) high blood pressure." Employer's No. 5.[1]

Claimant was referred to Eugene Grady, M.D. Claimant asserted that at some point in February of 2005, she learned from Dr. Grady that her hand and wrist complaints were attributable to her employment. Claimant stated that thereafter she attempted to call Bernadette Montefor, Employer's human resources benefits manager, on several occasions to alert her of this fact. She left a voicemail for her indicating she had "work-related problems." R.R. at 57a. Claimant never went back to work after January 17, 2005. Although she was cleared for light duty, no position was made available.

Claimant presented the testimony of Dr. Grady, board certified in rheumatology, who examined her for the first time regarding her bilateral hand complaints on January 27, 2005. He diagnosed bilateral carpal tunnel syndrome in both hands, flexor tendonitis in her left thumb and left fourth digit, DeQuervain's tendonitis of the right hand, and a right wrist cartilage injury. As of February 24, 2005, he ruled out Claimant's pre-existing fibromyalgia as a cause of her instant complaints as well as osteoarthritis. According to Dr. Grady, these diagnoses were attributable to Claimant's employment.

Employer presented the testimony of Ms. Montefor who stated that if an employee has a work-related injury, it should be reported to her. She agreed Claimant reported injuries to her in the past. According to Ms. Montefor, she was unaware that Claimant was claiming work-related hand problems until September 19, 2006 when she received a copy of Claimant's

---

1. Employer's Exhibit No. 5 is not included in the reproduced record. We recognize, however that "[t]the fact that parts of the record are not included in the reproduced record shall not prevent the parties or the appellate court from relying on such parts." Pa. R.A.P. 2152(c).

Claim Petition. Ms. Montefor agreed that Claimant filed a short-term disability claim prior to the filing of the Claim Petition wherein Claimant indicated her difficulties were not work-related. She explained that Employer has a policy that if someone has a problem that they initially believe is non-work-related, they are to report any newly discovered information suggesting the injury is work-related as soon as possible. Ms. Montefor was not questioned regarding any voicemail(s) left by Claimant.

Employer also presented the testimony of Stephanie Sweet, M.D., board certified orthopedic surgeon, who examined Claimant on February 9, 2007. She did not believe Claimant's hand and wrist problems were caused by Claimant's employment. Instead, she believed Claimant's difficulties were age-related.

■ By a decision circulated November 29, 2007, the WCJ granted Claimant's Claim Petition. He awarded benefits as of January 17, 2005 for injuries in the nature of bilateral carpal tunnel syndrome, De-Quervain's tendonitis of the right hand, left fourth digit flexor tendonitis, left thumb flexor tendonitis, and a right wrist cartilage injury. On the issue of notice, the WCJ acknowledged that Claimant filed an application for short-term disability benefits indicating that her hand and wrist injuries were not work-related. He pointed out, however, that Claimant did not know her problems were work-related until she was examined by Dr. Grady. The

WCJ reiterated that Ms. Montefor agreed that Claimant reported injuries to her in the past. He found that Claimant informed her that she now claimed her hand and wrist injuries were work-related by leaving a message on her voicemail. In rendering his decision, the WCJ credited Claimant's testimony over Ms. Montefor's testimony on the issue of notice. The WCJ credited the opinions of Dr. Grady over those of Dr. Sweet.[2]

The Board affirmed in an opinion dated February 5, 2009. It recognized that Claimant was initially unaware that her hand and wrist injuries were work-related. The Board found, however, that Claimant testified that upon receiving confirmation from Dr. Grady that her problems were work-related, she called Ms. Montefor and left a message on her voicemail relaying that information. The Board noted the WCJ credited this testimony and that credibility determinations are the sole province of the WCJ. Consequently, the Board rejected Employer's argument that Claimant failed to provide timely notice of her work-related injury and affirmed the WCJ's decision. This appeal followed.[3]

Employer argues on appeal that there is insufficient evidence contained in the record to establish Claimant provided timely notice of her hand and wrist injuries. Employer concedes that the WCJ credited Claimant's testimony that Claimant left a voicemail for Ms. Montefor allegedly in-

**2.** A WCJ is free to accept or reject, in whole or in part, the testimony of any witness *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa. Cmwlth.1995). Credibility determinations are not reviewable by this Court. *Campbell v. Workers' Compensation Appeal Board (Pittsburgh Post Gazette)*, 954 A.2d 726 (Pa.Cmwlth. 2008).

**3.** Our review is limited to determining whether an error of law was committed, whether

necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Degraw v. Workers' Compensation Appeal Board (Redner's Warehouse Mkts., Inc.)*, 926 A.2d 997 (Pa.Cmwlth. 2007). On appeal, the prevailing party below is entitled to all inferences that can be reasonably drawn from the evidence. *Krumins Roofing & Siding v. Workmen's Compensation Appeal Board (Libby)*, 133 Pa.Cmwlth. 211, 575 A.2d 656 (1990).

forming her that she was claiming a work-related injury. It does not dispute that the WCJ rejected Ms. Montefor's testimony on this issue. Even so, however, Employer contends that finding timely notice was provided is erroneous. It argues that Claimant failed to establish when she left her voicemail and that it could have been after the allotted time period provided for in the Pennsylvania Workers' Compensation Act (Act) Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708. Further, Employer challenges the sufficiency of the injury description purportedly given to Ms. Montefor. Employer posits that Claimant testified that she left a voicemail for Ms. Montefor that she had "work-related problems." According to Employer, this vague statement is insufficient to satisfy the Act's notice requirement.

It must be acknowledged that Claimant contends that Employer did not preserve the issue of the sufficiency of her injury description given to Employer before the Board. Rather, she suggests that Employer only preserved the issue concerning the timeliness of her notice.

We begin addressing the parties' arguments by referencing the notice provisions of the Act. Section 311 of the Act, 77 P.S. § 631, reads as follows:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury ... in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

Section 312 of the Act, 77 P.S. § 632, provides:

The notice referred to in section 311 shall inform the employer that a certain employe received an injury, described in ordinary language, in the course of his employment on or about a specified time, at or near a place specified.

■ Notice is a prerequisite to receiving workers' compensation benefits. *C. Hannah & Sons Constr. v. Workers' Compensation Appeal Board (Days),* 784 A.2d 860 (Pa.Cmwlth.2001). The claimant has the burden to show notice was actually given. *Id.* at 864. When the cumulative effect of work-related circumstances results in an injury, the injury date is the date of diagnosis. *Piad Corp. v. Workers' Compensation Appeal Board (Moskyok),* 761 A.2d 640 (Pa.Cmwlth.2000); *See also Brooks v. Workmen's Compensation Appeal Board (Anchor Glass Container),* 155 Pa.Cmwlth. 248, 624 A.2d 821 (1993). This is known as the discovery rule. *Delaware County v. Workers' Compensation Appeal Board (Baxter–Coles),* 808 A.2d 965 (Pa. Cmwlth.2002). Section 312 of the Act does not require an exact diagnosis, but only a reasonably precise description of the injury. *Wagner,* 677 A.2d at 895. *See also Body Shop v. Workers' Compensation Appeal Board (Schanz),* 720 A.2d 795 (Pa. Cmwlth.1998). Whether the claimant has complied with the notice requirement is a question of fact. *State Workmen's Ins. Fund v. Workmen's Compensation Appeal Board (Wagner),* 677 A.2d 892 (Pa. Cmwlth.1996). This Court is to determine, upon consideration of the evidence as a

whole, whether the WCJ's findings have the requisite measure of support in the record. *Days*, 784 A.2d at 864.

■ We further recognize that Rule 1551 of the Pennsylvania Rules of Appellate Procedure provides, in relevant part:

(a) Appellate jurisdiction petitions for review. Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. No question shall be heard or considered by the court which was not raised before the government unit ...

Pa. R.A.P. 1551(a).

■ Raising an issue in a notice of appeal filed with the Board is sufficient to be considered "raised before the government unit" as referenced in Pa. R.A.P. 1551(a). *Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182 (Pa.Cmwlth.1998). This is so even if a brief is not filed with the Board. *Id.* at 184. Indeed, issues are preserved even if not briefed so long as they are raised in appeal documentation filed with the Board. *Hendricks v. Workers' Compensation Appeal Board (Phoenix Pipe & Tube)*, 909 A.2d 445, 460, n. 12 (Pa.Cmwlth.2006). See also *GA & FC Wagman, Inc. v. Workers' Compensation Appeal Board (Aucker)*, 785 A.2d 1087 (Pa.Cmwlth.2001).

In its Notice of Appeal filed with the Board, Employer alleged the following error:

Conclusion No. 2. The Workers' Compensation Judge committed reversible

error in finding that the Claimant established that she provided notice to the Defendant/Employer of a work-related injury within the terms and provisions of the Pennsylvania Workers' Compensation Act.

R.R. at 245a.

■ As indicated above, both Sections 311 and 312 of the Act contain the notice requirements. Section 312 of the Act references Section 311 of the Act and specifies that the notice that must be provided pursuant to the latter Section "shall" inform the employer of the nature of the injury. Per *Wagner*, an exact diagnosis, need not be given. A reasonable description of the injury, however, should be given. *Id.* Employer alleged that Claimant failed to comply with the notice requirements of the Act in Employer's Notice of Appeal filed with the Board. These provisions not only establish the time-frame that notice must be given, 120 days from the date of injury, but also mandate that some reasonable description of the injury must be put forward. Even if Employer did not address the insufficiency of Claimant's injury description in its brief filed with the Board, we believe that the holdings of *Sheridan, Hendricks*, and *Aucker* require us to find the issue was properly preserved before the Board. Consequently, we reject Claimant's contention that Employer waived its argument that Claimant failed to reasonably describe her injury when providing notice.[4]

4. We note that Claimant attached a copy of Employer's brief that Employer submitted to the Board as part of her brief to this Court. Claimant asserts that a review of this brief to the Board reveals that it did not discuss the issue of the sufficiency of her notice. Items that are not part of the record, however, may not be considered by an appellate body on review. *Bingnear v. Workers' Compensation Appeal Board (City of Chester)*, 960 A.2d 890 (Pa.Cmwlth.2008). Briefs filed in this Court are not part of the evidentiary record and assertions of fact therein that are not supported by the evidentiary record may not form the basis of any action by this Court. *Jones v. Workers' Compensation Appeal Board (City of Chester)*, 961 A.2d 904, 907, n. 7 (Pa.Cmwlth.2008). Consequently, we are precluded from considering the contents of Employer's brief filed with the Board.

■ As to the merits of Employer's appeal, we reiterate that Employer expressly stated at hearing that notice was an issue in this matter. Further, pursuant to *Days*, notice is a prerequisite to receiving workers' compensation benefits and Claimant has the burden of showing notice was actually given. We agree with Employer that Claimant's testimony is devoid of any information concerning the exact date she left a voicemail for Ms. Montefor. Thus, it is not entirely clear that Claimant provided notice of a work-related injury within 120 days of Dr. Grady's diagnosis as required by Section 311 of the Act, *Piad*, and *Brooks*. Nonetheless, we recognize that pursuant to *Libby*, Claimant, as the party prevailing below, is entitled to all reasonable inferences that can be drawn from the evidence. Claimant stated that she received confirmation from Dr. Grady that her complaints were work-related in February of 2005. Claimant did not give any indication that there was any protracted delay between her receiving that confirmation and her attempting to communicate that fact to Ms. Montefor. Moreover, Employer's counsel failed to elicit any testimony to show that Claimant provided notice after the 120 day period expired. Consequently, we are inclined to reject Employer's argument that the notice that was provided by Claimant was untimely.

■ We are unable, however, to infer that Claimant gave a reasonably precise description of her work injury to Employer as required by Section 312 of the Act as well as the holdings of *Wagner* and *Schanz*. The only testimony given by Claimant, the burdened party, was that she told Ms. Montefor that she had "work-related problems." Claimant did not present evidence concerning the body parts affected or any rudimentary diagnosis.

Arguably, one could theorize that if Employer viewed Claimant's notification of "work-related problems" in combination with her short term disability application completed on February 2, 2005, Employer should have known the nature of Claimant's work-related complaints based on the contents contained therein due to the fact that Claimant filled out the application subsequent to her last day of work and there could be no other intervening work incident. Unfortunately, when Claimant filled out the application, she referenced problems in areas not affected by her repetitive work activities; *i.e.*, her knees and ankles. Moreover, she attributed all of her complaints to her fibromyalgia and high blood pressure, conditions that Claimant still experiences. As such, this Court has no choice but to find that Claimant failed to provide Employer with a reasonable description of her work-related injuries when providing notice under the Act.

We acknowledge that the WCJ credited Claimant's testimony over that of Ms. Montefor and that, per Campbell, credibility determinations are not reviewable. Nonetheless, even as credited, Claimant's testimony is insufficient to support a finding that she provided proper notice of her work-related injury under the Act. Thus, we must reverse the order of the Board affirming the WCJ's grant of Claimant's Claim Petition.

### ORDER

AND NOW, this 4th day of June, 2009, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed.