**Kamala CAIN**

v.

**ALLEGHENY COUNTY HOUSING AUTHORITY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 2009.

Decided Dec. 22, 2009.

---

Renee L. Mielnicki, Pittsburgh, for appellant.

Kathryn E. McKee, Pittsburgh, for appellee.

BEFORE: SIMPSON, Judge, FRIEDMAN, Senior Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Allegheny County Housing Authority (ACHA) petitions for review of an order of the Court of Common Pleas of Allegheny County (trial court) that sustained the appeal of Kamala Cain (Tenant) from a determination of a hearing examiner upholding a termination of assistance payments. We affirm.

On May 13, 2008, Tenant was sent a Notice of Intention to Terminate Housing Authority Assistance Payments (Termination Notice). A hearing was held on July 21, 2008 whereupon Tenant testified she was told by her landlord that she had to move out due to nonpayment of plumbing bills and rent. According to Tenant, she was required to vacate by April 19, 2008 and did so. During testimony, the following dialogue took place:

> Hearing Officer: 19th, okay. Did you notify anybody at the Housing Authority?

Cain: I think I came down here. Or either called or came down, I don't remember, with so much going on.

Hearing Officer: Do you recall who you talked to?

Cain: Just letting them know that you know that they—I think I talked to you, Ms. Chambers, or either operator. I had spoken to the operator, who gives you the information. Because I can't call direct to Ms. Chambers (sic) office, it always gives me someone to speak to before they connect me to the office. So I had spoke to someone here in this office to let them know what the situation was on those days whenever I got this letter.[1]

Reproduced Record (R.R.), at 35a.

The hearing officer upheld the termination of assistance payments. In Finding of Fact No. 4, she indicated "Tenant testified that she called the Housing Authority switchboard to notify them of what was going on, but did not speak to any housing counselor regarding her vacating the subject unit nor has she ever given any written notification of the same." Dec. dated 7/25/08, p. 1. The hearing officer specified that a tenant vacating a unit without proper notice is a violation of "Section 982.552(7)(i)."[2] *Id.* at p. 2. The hearing

1. This Court is unable to determine from the record whether or not the "letter" Tenant was referencing may have been the Termination Notice mentioned by Housing Counselor Shanee Chambers.

2. The hearing officer's reference to 24 C.F.R. § 982.552(7)(i) is undoubtedly a typographical error as no such provision exists. The hearing officer presumably intended to reference Section 982.552(c)(i) of the Code of Federal Regulations. Of relevance to this appeal, Section 982.552 of the Code of Federal Regulations provides, in pertinent part:

> (b) *Requirement* to deny admission or terminate assistance.
>
> . . .
>
> (2) The PHA [Public Housing Authority] must terminate program assistance for a

family evicted from housing assisted under the program for *serious* violation of the lease . . .

> (c) *Authority* to deny admission or terminate assistance. (1) Grounds for denial or termination of assistance. The PHA may at any time deny program assistance for an applicant, or terminate program assistance for a participant, for any of the following grounds:
>
> (i) If the family violates any family obligations under the program (see § 982.551) See § 982.553 concerning denial or termination of assistance for crime by family members. . . . (Emphasis added).

24 C.F.R. § 982.552.

officer determined Tenant offered "uncontradicted testimony that [she] had vacated the subject unit without obtaining *approval* from the Housing Authority ..." (Emphasis Added). *Id.*

The trial court sustained Tenant's appeal of the hearing officer's determination on December 15, 2008. The trial court explained that the hearing officer erroneously concluded that Tenant was required to receive "approval" before leaving the unit. Memorandum in Support of Order dated 12/15/08. Instead, it found Tenant only needed to give "notice" of leaving the unit and that it was undisputed that notice was provided when she left." *Id.* The trial court directed that Tenant's Section 8 eligibility be reinstated. This appeal followed.[3]

ACHA argues on appeal that (1) the trial court erred in finding Tenant did not need to receive approval prior to moving to a new unit, (2) if only notice was required, notice is to be given prior to the move, and (3) there was insufficient evidence of record to support a determination that Tenant gave notice she was moving to a new unit.

■ The following federal regulations are referenced by both parties in this appeal—24 C.F.R. § 982.314, 24 § C.F.R. 982.551, and the aforementioned 24 C.F.R. § 982.552.[4],[5] In interpreting a regulation,

---

3. Our standard of review, where the trial court takes no additional evidence, is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence of record. *Allegheny County Hous. Auth. v. Hibbler*, 748 A.2d 786 (Pa.Cmwlth.2000).

4. Section 982.314 of the Code of Federal Regulations reads as follows:

(a) Applicability. This section states when a participant family may move to a new unit with continued tenant-based assistance:
(b) When family may move. A family may move to a new unit if:
(1) The assisted lease for the old unit has terminated. This includes a termination because:
. . .
(ii) The lease has terminated by mutual agreement of the owner and the tenant.
(2) The owner has given the tenant a notice to vacate, or has commenced an action to evict the tenant, or has obtained a court judgment or other process allowing the owner to evict the tenant.
. . .
(c) How many moves. (1) A participant family may move one or more times with continued assistance under the program, either inside the PHA jurisdiction, or under the portability procedures. (See § 982.353)
(2) The PHA may establish:
(i) Policies that prohibit any move by the family during the initial lease term; and

(ii) Policies that prohibit more than one move by the family during any one year period.
. . .
(d) Notice that family wants to move. (1) If the family terminates the lease on notice to the owner, the family must give the PHA a copy of the notice at the same time. (2) If the family wants to move to a new unit, the family must notify the PHA and the owner before moving from the old unit. If the family wants to move to a new unit that is located outside the initial PHA jurisdiction, the notice to the initial PHA must specify the area where the family wants to move. See portability procedures in subpart H of this part.
(e) When PHA may deny permission to move. (1) The PHA may deny permission to move if the PHA does not have sufficient funding for continued assistance.
(2) At any time, the PHA may deny permission to move in accordance with § 982.552 (grounds for denial or termination of assistance).
24 C.F.R. § 982.314

5. Section 982.551 of the Code of Federal Regulations reads as follows:
(f) Family notice of move or lease termination. The family must notify the PHA and the owner *before* the family moves out of the unit, or terminates the lease on notice to the owner. See § 982.314(d).
(g) Owner eviction notice. *The family must promptly give the PHA a copy of any owner eviction notice ...*

as in interpreting a statute, the plain language of the regulation is paramount. *Schappell, D.C. v. Motorists Mutual Ins. Co.*, 594 Pa. 94, 934 A.2d 1184 (2007).

In support of its argument that Tenant needed to receive approval prior to her move, ACHA relies on 24 C.F.R. § 982.314(e). That provision specifies that a PHA may deny permission to move if there is a basis to terminate assistance based on 24 C.F.R. § 982.552, that is, in turn, based on a failure of a family obligation as set forth in § 982.551 or a serious violation of a lease resulting in an eviction. As there is authority to deny a move, per ACHA, there is concomitant authority to approve any move. Tenant disagrees that the federal regulations require approval of a move and relies primarily on caselaw of other jurisdictions.

Tenant cites *Hill v. Richardson*, 740 F.Supp. 1393 (S.D.Ind.1990), *vacated and remanded*, 7 F.3d 656 (7th Cir.Ind.1993)(granting the parties' Stipulation of Settlement as to All Issues Except Attorney's Fees but nonetheless setting forth that a state does not have the discretion to expand the reasons enumerated in the Code of Federal Regulations for denying or terminating Section 8 benefits), *Holly v. Housing Authority of New Orleans*, 684 F.Supp. 1363 (E.D.La.1988)(holding a tenant does not violate any requirements of the Code of Federal Regulations by failing to notify the local housing authority of a short-lived marriage when marriage, by itself, does not make a spouse a member of the household), and *Smith v. Hamilton County*, 2007-Ohio-1725, 2007 WL 1095680 (Ohio App. 1 Dist.2007)(holding that federal regulations do not specifically define the meaning of a household member or family composition and that, therefore,

a tenant did not act fraudulently in listing in her application her two children as household members when they spent weekends, holidays, and summers with her despite a lack of custody). Tenant cites these cases for the proposition that items not explicitly stated in the Code of Federal Regulations cannot serve as a basis for the termination of assistance.[6]

■ It is acknowledged that 24 C.F.R. § 982.314(e)(2) authorizes a PHA to deny permission to move. But, aside from instances where ACHA does not have sufficient funding for continued assistance, the grounds for denial of a move are the same grounds for denial or termination of assistance. Direct reference is made to 24 C.F.R. § 982.552 for grounds for denial or termination of assistance. Thus, when a tenant desires to move, it may be that it is not approval that is required. Rather, what is required may simply be an administrative check to see if the tenant is still entitled to continued assistance. Regardless, the failure to obtain approval of a move is not an enumerated basis to terminate assistance. We agree with Tenant and the decisions of our sister courts that the ACHA cannot expand the basis for terminating assistance by stating that failure to obtain approval prior to a move can result in that consequence.

■ Whether a tenant needs to give prior notice to move to a new unit is a different matter. Both 24 C.F.R. § 982.314(d)(2) and 24 C.F.R. § 982.551(f) do state that if a family seeks to move to a new unit, it must notify the PHA and the owner *before* moving from the old unit. Federal Regulation § 982.551(f) is a family obligation. Section 982.552(c)(1)(i) of the Code of Federal Regulations expressly provides assistance may be terminated

24 C.F.R. § 982.551

**6.** *Hill* was remanded solely on the issue of attorney's fees.

when the tenant fails to comply with a family obligation. Thus, failure to notify ACHA before moving to a new unit may result in a termination of assistance.

Now that we have determined that notice must be given prior to a tenant moving to a new unit or risk the termination of assistance but that the failure to obtain prior approval from the ACHA cannot result in a termination, we must consider whether the trial court erred in sustaining Tenant's appeal of the hearing examiner's decision upholding termination of assistance payments. Although a full and complete record was made at the local agency hearing, the trial court will not affirm the hearing examiner's decision if it is not in accordance with law. 2 Pa.C.S. § 754.[7]

In ultimately disposing of the matter, the hearing officer, in her July 25, 2008 Decision, indicated assistance was properly terminated due to a failure to obtain "approval" for a move. Section 754 of the local agency law allows an adjudication to be reversed when it is not in "accordance with the law." It is evident that there was a genuine issue before the trial court as to whether federal regulations mandated that

approval must be obtained prior to vacating a unit and moving to another and the failure to do so can result in termination. We have determined that federal regulations do not provide that failure to obtain approval prior to a move is a basis for the termination of assistance.

Inasmuch as prior approval was not a factor to be considered in terminating assistance, the trial court found that it was "undisputed that notice was given by the Tenant." Tenant's testimony is lacking specifics concerning the timeframe when she contacted the ACHA. Arguably, Tenant's contact with ACHA was made after she received her Termination Notice. No attempt was made, however, to flesh out the details as to when this notice was given. Even ACHA acknowledges that, assuming notice was given, there is no testimony clarifying when that occurred. Appellant's Brief, p. 5.

■■■ The hearing officer did indicate that Tenant committed a violation by leaving her old unit "without proper notice." *Supra.* The only support for this determination, however, is that when Tenant

---

7. Section 754 of the Local Agency Law provides:

(a) INCOMPLETE RECORD.—In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.
(b) COMPLETE RECORD.—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, *or is not in accordance with law,* or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated

in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa. C.S. § 706 (relating to disposition of appeals). (Emphasis added).
2 Pa.C.S. § 754.

A full and complete record is defined as " 'a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal and, also, that the appellate court is given a sufficient record upon which to rule on the questions presented.' " *SSEN, Inc. v. Borough Council of Eddystone,* 810 A.2d 200, 206 (Pa.Cmwlth.2002)(quoting *City of Philadelphia v. Board of License and Inspection Review,* 139 Pa.Cmwlth. 240, 590 A.2d 79, 86 (1991)).

called the ACHA, she did not speak to a housing counselor, but rather an operator. Further, she specified that no written notification was provided. ACHA, however, makes no argument as to who is to receive the notice, nor does it contend that notice must be written. The hearing examiner placed a greater burden on Tenant than what is required by the Code of Federal Regulations. Considering the proper burden, we cannot say the trial court erred in any regard. There is a reasonable inference that Tenant orally provided notice of her intention to move to ACHA.[8] On appeal, the prevailing party below is entitled to all inferences that can be reasonably drawn from the evidence. *Gentex Corp. v. Workers' Compensation Appeal Board (Morack)*, 975 A.2d 1214 (Pa.Cmwlth.2009).

Consequently, the trial court's order is affirmed.

### ORDER

AND NOW, this 22nd day of December, 2009, the order of the Court of Common Pleas of Allegheny County is affirmed.

---

8. We acknowledge that failure to provide a copy of an owner eviction notice is a failure to comply with a family obligation and may result in a termination of assistance consistent with both 24 C.F.R. §§ 982.551(g) and 982.552(c)(1). It is not clear, however, that one was ever supplied to Tenant by the owner. Regardless, this document, or lack thereof, did not serve as a basis for either the hearing examiner or the trial court's determination. Moreover, ACHA contends that tenant failed to follow procedures set up in its Administrative Plan for facilitating a move. To the extent the failure to follow these procedures may result in a termination of assistance consistent with that Administrative Plan, such a result would appear to be inconsistent with federal regulations as 24 C.F.R. § 982.552(c)(1), as found by our sister courts, delineates the factors that may lead to a termination of assistance. *Hill; Holly; Smith.* We add that neither the hearing examiner, nor the trial court found a "serious" violation of the lease as referenced in Section 982.552(b) of the Code of Federal Regulations requiring a termination of assistance and ACHA does not claim that there was a "serious" violation.