542 A.2d 644

Doyle Equipment Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued March 23, 1988, before President Judge Crumlish, Jr., and Judges Craig, MacPhail, Colins, Palladino, McGinley and Smith.

*Scott W. Irmscher,* with him, *J. Mark Munson, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioner.

*Michael A. Roman,* Deputy Attorney General, with him, *Eugene J. Anastasio,* Chief Deputy Attorney General, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE SMITH, June 9, 1988:

Doyle Equipment Company (Petitioner) appeals from a decision of the Board of Finance and Revenue (Board) which sustained the Department of Revenue's assessment of Petitioner's 1984 capital stock tax under Section 601(a) of the Tax Reform Code of 1971 (Code).[1] The issue raised in this appeal concerns interpretation of the term "average net income" as defined under Section 601(a) of the Code. We affirm the decision of the Board.

Counsel for Petitioner and Respondent filed their Stipulation of Facts setting forth the procedural and factual background of this case which this Court adopts as

---

[1] Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7601.

its findings.[2] On November 23, 1983, Petitioner was incorporated under the laws of Pennsylvania. Petitioner had no income for the tax year ending December 31, 1983; and $313,311 net income for the tax year ending December 31, 1984. For purposes of computing and reporting its 1984 capital stock tax, Petitioner calculated its tax by dividing Petitioner's 1984 income by two years for an average net income of $156,656. Petitioner calculated its total capital stock liability to be $9,075 which it paid for tax year ending 1984.[3]

On March 6, 1986, the Department of Revenue mailed its settlement computation of Petitioner's tax report for 1984 which increased Petitioner's capital stock tax liability to $16,863. The Department determined that Petitioner's average net income for 1984 was $313,311, taking Petitioner's net income for 1984 and dividing by one year of activity rather than the two years used by Petitioner.

Petitioner requested a hearing, held in July 1986, before the Board of Appeals which issued a notice of resettlement reducing Petitioner's total capital stock tax liability to $15,360. The Department of Revenue credited Petitioner for the 39 days of corporate existence from

---

[2] Pa. R.A.P. 1571(f) governs the filing of a stipulation of facts, agreed upon by the parties, which constitutes the record for purposes of appeal. The parties agree that no issues of fact remain to be tried. Further, appeals filed with this Court from the Board are *de novo* in nature, with no record being certified from the Board. *Ernest Renda Contracting Co., Inc. v. Commonwealth of Pa.*, 516 Pa. 325, 532 A.2d 416 (1987). The burden of proof is upon Petitioner in this appeal. Section 236 of the Code, 72 P.S. §7236.

[3] Petitioner's computations involved dividing average net income of $156,656 by .095; by taking the company's net worth of $363,311 and multiplying by .75; adding the results and dividing by two, arriving at a capital stock valuation of $960,747. Petitioner then multiplied the stock valuation by an apportionment percentage of .944586 which was accepted by the Department of Revenue.

November 23, 1983 to December 31, 1983.[4] Petitioner appealed the Department of Revenue ruling to the Board which issued its decision on May 1, 1987 sustaining action taken by the Department of Revenue.

Section 601(a) of the Code states:

> 'Average net income' The sum of the net income or loss for each of the current and immediately preceding four years, divided by five. If the entity has not been in existence for a period of five years, the average net *income shall be* the average net income *for the number of years* that the *entity has actually been in existence.* In computing average net income, losses shall be entered as computed, but in no case shall average net income be less than zero. The net income or loss of the entity for any taxable year shall be the amount set forth as income per books on the income tax return filed by the entity with the Federal government for such taxable year, or if no such return is made, as would have been set forth had such a return been made, subject, however, in either case to any correction thereof, for fraud, evasion or error. In the case of an entity which has an investment in another corporation, the net income or loss shall be computed on an unconsolidated basis exclusive of the net income or loss of such other corporation. (Emphasis added.)

Petitioner contends that the tax year in which it was incorporated should be counted as one full year for purposes of calculating average net income. Petitioner further contends that it properly interpreted the term "years" as set forth in Section 601(a) to mean full years

---

[4] Upon resettlement, Petitioner's net income was divided by 1.10685 years of existence.

as opposed to partial years in calculating capital stock tax.

When interpreting a statute, this Court must ascertain and effectuate the intent of the General Assembly, giving full effect to each provision of the statute where possible. The General Assembly is presumed not to have intended a result which is absurd or unreasonable, and words and phrases used in any legislation are to be construed according to their common meaning and accepted usage. Technical words are given technical meaning. Where words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit.[5] See *Zimmerman v. O'Bannon*, 497 Pa. 551, 442 A.2d 674 (1982); *Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.*, 317 Pa. Superior Ct. 497, 464 A.2d 431 (1983).

We find the words *actually been in existence* to be unambiguous and subject to construction according to their common meaning and usage. The number of years that Petitioner had actually been in existence was 1.10685, or one year and 39 days. Were this Court to accept Petitioner's interpretation of the statutory meaning of "years" in computing its average net income, a result would occur not intended by the legislature. The General Assembly did not intend to create a loophole through which newly organized corporations may circumvent their tax liability by understating income to reduce or avoid tax.

Petitioner's argument that regulations adopted by the Department of Revenue were applied retroactively to Petitioner is without merit. The Department of Revenue adopted regulations which define application of

---

[5] Sections 1903, 1921 and 1922 of the Statutory Construction Act of 1972, 1 Pa. C. S. §§1903, 1921, 1922.

Section 601(a) of the Code to corporations in existence for less than 5 years. These regulations became effective January 17, 1987 and are found at 61 Pa. Code §155.26. The Department enacted regulations which followed the Department's previously established interpretation of Section 601(a).[6]

This Court concludes that Petitioner has failed to meet its burden of proving that the Board committed error in its interpretation of the Code by construing Petitioner's actual years in existence as one year and 39 days in calculating Petitioner's 1984 average net income for purposes of computing Petitioner's capital stock tax liability. This Court further concludes that the Board properly assessed capital stock tax against Petitioner in the amount of $15,360 for the tax year ending 1984.

Accordingly, the decision of the Board is affirmed.[7]

### ORDER

AND NOW, this 9th day of June, 1988, the order of the Board of Finance and Revenue is hereby affirmed.

Unless exceptions are filed within thirty (30) days in accord with provisions of Pa. R.A.P. 1571(i), judgment shall be entered in favor of the Commonwealth of Pennsylvania in the amount of $15,360.

Judge COLINS dissents.

---

[6] The Department's regulations were promulgated pursuant to Section 408 of the Code, 72 P.S. §7408.

[7] The parties have stipulated that if this Court finds in favor of the Commonwealth's interpretation of the statute, it should enter an order affirming the decision of the Board of Finance and Revenue which resulted in Capital Stock Tax for the year ending December 31, 1984 in the amount of $15,360.