593 A.2d 1

**AMP PRODUCTS CORPORATION, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, Respondent.**

**AMP INCORPORATED, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 3, 1991.

Decided June 5, 1991.

Paul S. Kimbol, David R. Kraus, for petitioners.

Ronald H. Skubecz, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

COLINS, Judge.

AMP Products Corporation and AMP Incorporated (collectively AMP), petition for review of the September 1, 1989 orders of the Board of Finance and Revenue (Board), affirming the orders of the Department of Revenue's Board of Appeals (Department), which assessed deficiencies against AMP for failure to withhold Pennsylvania personal income tax for the period from October 1, 1985 through September 30, 1988.

The deficiencies were assessed for AMP's failure to withhold Pennsylvania personal income tax from certain contributions made to the AMP Incorporated Employee Savings and Thrift Plan (Plan). The Plan and its attendant trust constitute a defined contribution employee pension benefit plan. The Plan is exempt from federal income tax and contains a qualified cash or deferred arrangement pursuant to Section 401(k) of the Internal Revenue Code of 1986.[1] The Commonwealth of Pennsylvania recognizes the plan as an old age or retirement benefit plan pursuant to 61 Pa. Code § 101.6(c)(8).

An employee who wishes to participate in the Plan enters into a salary reduction agreement with AMP. The participating employee receives a reduced rate of compensation, and an amount equal to the reduction is contributed to the

1. 26 U.S.C. § 401(k).

Plan on behalf of the employee (Contribution). Additionally, AMP makes a contribution to the Plan for the benefit of each participating employee in an amount equal to the employee's deferred compensation (Matching Contribution). The salary reduction agreement covers future periods of time for which no services have yet been performed and with respect to which no compensation has yet been earned. However, both the Contributions and the Matching Contributions are not made until after services have been performed, and the participating employee has received compensation for those services. The Plan's administrator credits the Contributions and the Matching Contributions to each participating employee's account each time those contributions are received.

A participating employee may alter his or her salary reduction agreement. Not more than once in a twelve month period, a participating employee may change the percentage of his or her reduction in compensation. Alternatively, a participating employee may revoke his or her salary reduction agreement entirely and receive his or her full rate of compensation. Such a revocation is effective on the pay period next following the date that the revocation is received and processed by the Plan administrator. An election to change the amount of salary deferred is effective in the month following the Plan administrator's receipt and processing of the request.

A participating employee's withdrawal of his or her Contributions before death, disability, retirement, or other termination of employment is restricted. Prior to the age of 59½, a participating employee cannot withdraw his or her Contributions to the Plan unless he or she is experiencing financial hardship as defined by the Internal Revenue Service. After reaching age 59½, a participating employee may withdraw both the Contributions and the Matching Contributions plus any interest earned thereon.

The Department assessed deficiencies against AMP for failure to withhold Pennsylvania personal income tax from the Contributions, asserting that said Contributions are

taxable compensation subject to withholding tax pursuant to Sections 302.2(a) and 303(a)(1) of the Tax Reform Code of 1971 (Act).[2]  AMP, on March 8, 1989, filed petitions for reassessment with the Department, requesting that the assessments be stricken in their entirety.  On May 3, 1989, the Department denied AMP's petitions and sustained the assessments, except for one assessment, which was stricken for reasons not related to the issues in this case.  AMP then timely filed Petitions for Review with the Board, and the Board sustained the Department's decisions on September 1, 1989.  AMP timely filed Petitions for Review with this Court.

AMP's sole issue for our review is "[w]hether contributions made by an employer to a retirement benefit program maintained by that employer, pursuant to an agreement with an employee under which the employee is compensated in part in cash and in part by those contributions, are taxable compensation, subject to Pennsylvania personal income tax withholding, when made."

"[A]ppeals filed with this Court from the Board are *de novo* in nature, with no record being certified from the Board." *Doyle Equipment Company v. Commonwealth*, 117 Pa.Commonwealth Ct. 38, 40 n. 2, 542 A.2d 644, 644–45 n. 2 (1988).  Pursuant to Pa.R.A.P. 1571(f), "the parties shall take appropriate steps to prepare and file a stipulation of such facts as may be agreed to and to identify the issues of fact, if any, which remain to be tried."  The parties filed a Stipulation of Facts and identified no additional issues of

---

**2.** Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7302.2(a) and 7303(a)(1).

Section 302.2(a) states: "There is hereby imposed a tax at the annual rate of two and one-tenth per cent on the privilege of receiving each of the classes of income hereinafter enumerated in Section 303." 72 P.S. § 7302.2(a).

Section 303(a)(1) defines compensation as follows: "All salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips and similar remuneration received for services rendered whether directly or through an agent and whether in cash or in property except income derived from the United States Government for active duty outside the Commonwealth of Pennsylvania as a member of its armed forces." 72 P.S. § 7303(a)(1).

fact which remain to be tried. We adopt the Stipulation of Facts as our findings.

AMP argues that the contributions were not subject to Pennsylvania personal income tax because they were employer contributions excluded from taxation pursuant to Section 301(d)(vi) of the Act which excludes from compensation various payments including "payments made by employers or labor unions for programs covering hospitalization, sickness, disability or death, supplemental unemployment benefits, strike benefits, social security and retirement." [3] According to AMP, although the Contributions were made pursuant to salary reduction agreements, the participating employees did not actually or constructively receive the Contributions. AMP argues that Pennsylvania's definition of constructive receipt mirrors the federal definition of constructive receipt and, therefore, federal law should be used to interpret that definition. Finally, AMP argues that contributions made to the Plan confer an economic benefit on participating employees, but that benefit is excluded from the definition of taxable compensation, because the Plan is a retirement program within the meaning of Section 301(d)(vi) of the Act [4] and 61 Pa.Code § 101.-6(c)(8). [5]

AMP's reliance on federal law to determine whether the contributions are subject to Pennsylvania personal income tax is misguided. "The sovereign power of taxation, except that part of it ceded to the United States, is in the state...." *Curtis' Estate,* 335 Pa. 414, 416, 6 A.2d 283, 284 (1939). "In Pennsylvania, the power to tax is statutory and must be derived from enactment of the General Assembly." *H.K. Porter Company Appeal,* 421 Pa. 438, 440, 219

3. 72 P.S. § 7301(d)(vi).

4. 72 P.S. § 7301(d)(vi).

5. 61 Pa.Code § 101.6(c)(8) provides that "[c]ontributions to a plan made by employers or labor unions on behalf of an employe are excludable from the employe's income, except ... [that c]ontributions to a plan made by an employe ... through ... a salary reduction agreement ... are not excludable...."

A.2d 653, 654 (1966). Pursuant to the Act, compensation is taxable, and regulations define compensation as

> items of remuneration received by an employe, directly or through an agent, in cash or in property, based on payroll periods or piecework, for services rendered as an employe.... Such items shall include salaries, wages, commissions, bonuses, stock options, incentive payments, fees, tips, termination or severance payments, rewards, vacation and holiday pay, tax assumed by the employer, and all other remuneration received for services rendered.

61 Pa.Code § 101.6(a). Compensation does not include "[p]ayments made by employers or labor unions for programs covering ... retirement." 61 Pa.Code § 101.6(c)(6). However, "[c]ontributions to [an old age or retirement benefit] plan made by an employee or other individual directly or indirectly, whether through payroll deduction, a salary reduction agreement or otherwise, are not excludable from his [or her] income." 61 Pa.Code § 101.6(c)(8)(ii)(B). Furthermore, contributions to an old age or retirement benefit plan made by the employer on behalf of the employee are not taxable to the employee. 61 Pa.Code § 101.-6(c)(8)(ii)(A).

We conclude that the Contributions are subject to the Pennsylvania personal income tax. Although the Federal government does not tax contributions to a retirement benefit plan when those contributions are made,[6] the Federal scheme is inapplicable to Pennsylvania. As a sovereign, the Commonwealth can impose its own scheme of taxation and has chosen to tax such contributions at the time they are made. AMP's argument that the deferred compensation is not constructively received by the participating employee is inapposite. Pursuant to 61 Pa.Code § 101.-

---

6. For federal income tax purposes, salary deductions made by an employee to a qualified retirement plan are not taxed at the time the deductions are made. Rather, retirement pensions are taxed later when paid to the then-retired employee. For Pennsylvania income tax purposes, deductions made by an employee to a retirement plan are taxed at the time the deductions are made. Retirement pensions are not subject to the Pennsylvania income tax.

6(c)(8)(ii)(B), Contributions are not excludable from the employee's income.

Accordingly, the orders of the Board are affirmed.

## ORDER

AND NOW, this 5th day of June, 1991, the orders of the Board of Finance and Revenue in the above-captioned matters are affirmed, and the Chief Clerk is directed to enter judgment in favor of the Commonwealth if no exceptions are filed within thirty days of the entry of this order, pursuant to Pa.R.A.P. 1571(i).