IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| James and Karen Pearlstein, | : | |
| | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 741 F.R. 2017 |
| | : | Argued: June 9, 2021 |
| Commonwealth of Pennsylvania, | : | |
| | : | |
| Respondent | : | |

BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION BY JUDGE WOJCIK               FILED:  December 2, 2021

James and Karen Pearlstein (Taxpayers) petition for review of the order of the Board of Finance and Revenue (Board), which sustained in part and denied in part the Department of Revenue's (Department) assessment of Personal Income Tax (PIT) against Taxpayers, plus interest and penalties, for the years 2013 and 2014. The issue is the Board's assessment of PIT for Taxpayers' net gains or income from the disposition of property, specifically PIT owed on like-kind exchanges of real property during the 2013 and 2014 tax years. Taxpayers, who are partners in a number of real estate development and management partnerships, and who use the Federal Income Tax (FIT) method of accounting, argue that net gains on like-kind exchanges should be taxed when the property is sold, because such deferrals are

permitted under Section 1031 of the Internal Revenue Code of 1986, *as amended*, 26 U.S.C. §1031 (IRC §1031). The Board decided that net gains on like-kind exchanges should be taxed in the years the exchanges occurred, because unlike IRC Section 1031, the Tax Reform Code of 1971 (TRC)[1] does not permit tax deferral on net gains from like-kind exchanges of real property. For that reason, the Board decided that the FIT method of accounting does not clearly reflect income. The Board decided that Taxpayers should be assessed PIT and interest, but not penalties. For the reasons that follow, we affirm.

The facts and procedural history were stipulated to by the parties. Taxpayers hold equal shares in a number of limited partnerships, organized under Pennsylvania law, for the purpose of buying, selling, developing, and managing commercial or residential rental real estate, in which they share equally in all items of taxable income and loss. Joint Stipulation of Facts (JSOF) ¶¶5-8. Each limited partnership reported its respective property transactions for the tax years 2013 and 2014 in a deferred like-kind exchange of properties under the requirements of IRC §1031. *Id.* ¶9. Because the limited partnerships are pass through entities, Taxpayers reported no gain or loss on these like-kind exchanges on their federal or state tax forms. *Id.* ¶10.

Each limited partnership maintained only one set of books for both book and tax purposes for the relevant tax years using a platform called Rent Manager. JSOF ¶¶17, 18. The platform is designed to generate financial review for Taxpayers, and to be accessed and used by Taxpayers' certified public accountants to prepare income tax returns. *Id.* ¶¶18, 19. Taxpayers used the FIT method of accounting for the relevant tax years. FIT may be characterized as an "Other

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§7101-10004.

2

Comprehensive Basis of Accounting" (OCBOA) as set forth in public accounting standards. *Id.* ¶¶19, 20. Under FIT, the reporting entity keeps its books using the rules set forth in the IRC to determine its income, loss, gain, and deductions for tax reporting purposes. *Id.* ¶20. FIT is used as a method of accounting by businesses that buy, sell, develop, and manage real estate. *Id.* ¶21.

The Department considers certain rules and principles under Generally Accepted Accounting Principles (GAAP), which is a set of standards promulgated by the Financial Accounting Standards Board, to "clearly reflect income" under Section 101.2 of the PIT regulations, 61 Pa. Code §101.2. JSOF ¶22. The Department does not take the position that all GAAP principles clearly reflect income. *Id.* The Department considers any accounting rule or practice that incorporates federal tax gain deferral principles to be "contrary to accepted accounting principles" and to not "clearly reflect income" as defined by PIT regulations and the TRC. *Id.* ¶23. The Department prepared and made available to Taxpayers certain instructions to prepare "Schedule C, Profit or Loss from Business or Profession," includable with certain Pennsylvania tax forms, as well as guidance in the form of a bulletin entitled "PIT Bulletin No. 2006-7, 'Pennsylvania Tax Treatment of IRC § 1031 Like-Kind Exchanges'" (Bulletin). *Id.* ¶¶24, 27. The Bulletin was available on the Department's website from October 2006 through December 2017, and was included as Exhibit H to the JSOF. *Id.* ¶27. The Bulletin states in relevant part:

> Pennsylvania personal income tax law does not contain a provision analogous to IRC §1031. Therefore, exchanges of property that result in gain or income are generally subject to tax. However, the Department has determined that gain or loss on like-kind exchanges does not have to be recognized at the time of the exchange if a taxpayer's method of accounting permits the deferral of gain from a

3

> like-kind exchange. For example, [Accounting Principles Board] Opinion 29 provides for non-recognition of gain or loss on certain like-kind exchanges for taxpayers who consistently use GAAP principles of accounting. A taxpayer must use the method of accounting on a <u>consistent</u> basis and the method of accounting must clearly reflect his income.

JSOF Exhibit H at 3 (emphasis in original).

In December 2017, the Department issued and posted on its website a revised bulletin on like-kind exchanges (Revised Bulletin). JSOF ¶29. The Revised Bulletin, included as Exhibit I to the JSOF, eliminated the reference to accounting methods and states in relevant part: "Pennsylvania personal income tax law does not contain a provision analogous to IRC §1031. Therefore, IRC §1031 cannot be used as a basis to defer gain from the exchange of properties for Pennsylvania Personal Income Tax [PIT] purposes." JSOF Exhibit I at unnumbered 3. There was no change in the TRC or PIT regulations that prompted the Bulletin revision. *Id.* ¶32. The Department prepared and published the instructions, revised instructions, Bulletin, and Revised Bulletin to serve as "general non-binding information for taxpayers' review and use in preparing returns." *Id.* ¶30. The Department issued the Bulletin and Revised Bulletin to notify taxpayers of the Department's position on the taxation of like-kind exchanges. *Id.*

Taxpayers' limited partnerships completed like-kind exchanges of real property in 2007 and 2008, and deferred the gains realized on these prior exchanges on both their federal and Pennsylvania tax returns. JSOF ¶36. Neither the Internal Revenue Service (IRS) nor the Department assessed tax on gains from these prior exchanges. *Id.* It is unknown whether the Department reviewed these prior exchanges. *Id.* The Department searched for private letter rulings regarding treatment of like-kind exchanges for PIT purposes. *Id.* ¶31. Although there may

4

have been earlier private letter rulings the Department could not locate, the Department did locate a private letter ruling from 2005, included as Exhibit J to the JSOF. *Id.* Limited to the specific facts presented, the Department concluded that "Pennsylvania does not follow the federal nonrecognition rules for like-kind exchanges pursuant to IRC [§]1031. The gain [from the like-kind exchange presented by the taxpayer] would be subject to Pennsylvania [PIT]." JSOF Exhibit J at unnumbered 1.

Taxpayers included as Exhibit M to the JSOF the expert report of certified public accountant Brian Duffy (Taxpayers' Expert) in support of their position on deferral of gains from like-kind exchanges. JSOF ¶39. Taxpayers' Expert is qualified to testify to matters relating to accounting rules, methods, and practices. *Id.* ¶40. The Department included as Exhibit P to the JSOF the expert report of certified public accountant Lisa Myers (Department's Expert) in support of its position that under Pennsylvania law, gains from like-kind exchanges must be reported in the year that the exchange was made. *Id.* ¶43. Department's Expert is also qualified to testify to matters relating to accounting rules, methods, and practices. *Id.* ¶44. Taxpayers and the Department stipulated that their respective experts were not qualified to provide a legal opinion on Pennsylvania law. *Id.* ¶¶40, 44. Neither Taxpayers nor the Department were asked to stipulate and did not stipulate to conclusions of law contained in the expert reports. *Id.* ¶¶39, 43.

The parties included as Exhibit K-1 to the JSOF the Board's decision dated August 23, 2017, relating to the PIT assessment for Taxpayers' like-kind exchanges in 2013 and 2014.[2] JSOF ¶37. In each decision, the Board struck all

---

[2] The Board's decision dated August 23, 2017, relating to the PIT assessment for Reed and Gail Slogoff is included as Exhibit K-2 to the JSOF. The Board's decision dated August 23, 2017, **(Footnote continued on next page…)**

penalties and approved the reassessment plus interest of PIT for the gain Taxpayers realized on their like-kind exchanges for 2013 and 2014, based on its determination that Taxpayers' gain from like-kind exchanges must be assessed at the time of the exchange. JSOF Exhibit K-1 at 4, Exhibit K-2 at 4, and Exhibit K-3 at 4. The Board concluded that gain from like-kind exchanges may be deferred under IRC §1031, but could not be deferred under the TRC or PIT regulations. *Id.* The Board concluded that Taxpayers "cannot use the '[FIT] basis' of accounting to incorporate wholesale federal tax principles into the [PIT], as federal tax principles are not incorporated into the [TRC]." *Id.* at p. 3. Taxpayers appealed the Board's decision to this Court, which functions as the trial court in finance and revenue matters.[3]

Taxpayers present two issues for review: (1) whether Section 303(a)(3) of the TRC[4] and Section 101.2 of the PIT regulations authorize Taxpayers to report PIT income using the FIT method of accounting, when that method is based on accepted accounting principles, is widely used in Taxpayers' business, and is presumed to clearly reflect income because it is used for federal income tax purposes; and (2) whether the Board erred in assessing PIT on a like-kind transaction by disregarding its own regulation and prior public guidance.

---

relating to the PIT assessment for Robert and Cynthia Pearlstein is included as Exhibit K-3 to the JSOF. Reed and Gail Slogoff and Robert and Cynthia Pearlstein filed petitions for review of these decisions, and the Court has disposed of them in separate opinions.

[3] Because this Court functions as a trial court in these appeals, the standard of review is *de novo*. *Kelleher v. Commonwealth*, 704 A.2d 729, 731 (Pa. Cmwlth. 1997). Pa. R.A.P. 1571(f) requires the parties to take appropriate steps to prepare and file stipulations of fact, which the parties did in this case. *See* JSOF. Stipulations of fact are binding on the parties and the Court, but the Court may draw its own legal conclusions from the facts. *Kelleher*, 704 A.2d at 731.

[4] 72 P.S. §7303 was added by the Act of August 31, 1971, P.L. 362.

6

As to the first issue, Taxpayers and the Department agree that net gains or income from like-kind exchanges are within one of the eight classes of income subject to PIT, specifically under Section 303(a)(3) of the TRC, entitled "net gains or income from disposition of property," which provides in relevant part: "Net gains or net income, less net losses, derived from the sale, exchange or other disposition of property, including real property … as determined in accordance with accepted accounting principles and practices." 72 P.S. §7303(a)(3). Taxpayers argue that under Section 303(a.1) of the TRC, income for PIT purposes shall be calculated as follows:

> Income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes income in keeping the taxpayer's books. If the [D]epartment determines that no method has been regularly used or the method does not clearly reflect income, the computation of income shall be made under a method which, in the opinion of the [D]epartment, clearly reflects income.

72 P.S. §7303(a.1).

Section 301 of the TRC defines "accepted accounting principles and practices" as "those accounting principles, systems or practices, including the installment sales method of reporting, which are acceptable by standards of the accounting profession and which are not inconsistent with the regulations of the [D]epartment setting forth such principles and practices," unless otherwise explicitly provided for in the TRC. 72 P.S. §7301.[5]

As authorized by the TRC, the purpose of Department regulations is to "provide taxpayers with rules of general application so that they might clearly understand their rights and duties under the law." 61 Pa. Code §3.1(a). In addition

---

[5] 72 P.S §7301 was added by the Act of August 31, 1971, P.L. 362.

7

to regulations, the Department issues statements of policy for the purpose of "providing guidelines to the general public and interpreting law or regulations." 61 Pa. Code §3.2(a). A taxpayer may rely on a statement of policy only insofar "as it binds the Department to follow the stated course of action. Periodically the Department may revise prospectively a statement of policy and taxpayers are cautioned to determine whether a statement of policy relied upon is current." 61 Pa. Code §3.2(b). Statements of policy may be issued in the form of revenue pronouncements or revenue rulings. 61 Pa. Code §3.2. The Department may also issue private letter rulings to respond to individual taxpayer inquiries. 61 Pa. Code §3.3. The Department may also publish "revenue information" in the form of press releases, unpublished notices, instruction forms, pamphlets and the like to call attention to "Department procedures or to well[-]established interpretations or principles of tax law without applying them to a specific set of facts." 61 Pa. Code §3.4. This regulation further states "[r]evenue information material is issued for informational purposes only and should not be relied upon or used in tax appeals." *Id*. Bulletins and instructions on tax forms fall under the category of revenue information. *Id.* Department regulations state that if there appears to be a conflict between documents in the revenue information system, the order of precedence shall be: (1) regulations; (2) statements of policy; (3) letter rulings; and (4) revenue information. 61 Pa. Code §3.5.

Taxpayers further note that Section 101.2 of the PIT regulations regarding "accounting methods" provides as follows:

> No one method of accounting is prescribed for taxpayers. Each taxpayer shall adopt the methods, forms and systems that best suit his needs, so long as they clearly reflect income. A method of accounting which reflects the consistent application of generally accepted accounting

8

principles in a particular trade or business in accordance with prevailing conditions or practices in that trade or business shall be presumed to clearly reflect income, if the method is used for Federal income tax purposes.

61 Pa. Code §101.2.

When used in the PIT regulations, "accepted accounting principles and practices" are defined as "[t]hose accounting principles, systems or practices which are acceptable by standards of the accounting profession and which are not inconsistent with the regulations of the Department setting forth those principles and practices." 61 Pa. Code §101.1.

In consideration of the foregoing, Taxpayers argue that the plain language of the TRC and PIT regulations permits taxpayers to use the FIT method of accounting. Taxpayers argue that Section 101.2 of the PIT regulations validates the FIT method of accounting because it "shall be presumed to clearly reflect income, if the method is used for Federal income tax purposes." Taxpayers argue that the Department's Bulletin in effect at the time the like-kind exchanges occurred supports use of the FIT method of accounting, and thus supports tax deferral for like-kind exchanges. Taxpayers argue that the Department abused its discretion when it issued the Revised Bulletin in 2017, because the Department disapproved of the FIT method of accounting and essentially forced Taxpayers to use a specific method of accounting contrary to PIT regulations.

Taxpayers cite case law holding that a Commonwealth agency may be estopped from "doing an act differently than the manner in which another was induced by word or deed to expect." *Foster v. Westmoreland Casualty Company*, 604 A.2d 1131, 1134 (Pa. Cmwlth. 1992) (internal citations omitted). In order for equitable estoppel to apply, the party to be estopped must have intentionally or negligently misrepresented material facts, known that the other party would rely on

9

this misrepresentation, and induced the other party to act to his detriment based on this reliance. *Id.* Taxpayers acknowledge that they cannot rely on equitable estoppel to prevent the Department from collecting a tax that is legally due. *American Electric Power Service Corporation v. Commonwealth*, 160 A.3d 950, 960 (Pa. Cmwlth. 2017), *aff'd and objections overruled*, 184 A.3d 1031 (Pa. Cmwlth.), *aff'd*, 199 A.3d 880 (Pa. 2018). Even so, Taxpayers argue that the Department should be estopped from altering the evidence that it agreed with Taxpayers' position after Taxpayers challenged an erroneous assessment, which it did by issuing a Revised Bulletin.

The Department responds that its disallowance of tax deferral for like-kind exchanges is consistent with the TRC and PIT regulations. The Department argues that there is no provision analogous to IRC §1031 in the TRC. The Department determined that the FIT method of accounting does not clearly reflect income because it incorporates federal tax provisions wholesale, even when those provisions conflict with Pennsylvania law. The Department contends that this position further ensures Pennsylvania-source-gain is taxed in Pennsylvania, avoids uniformity concerns, and is consistent with the accounting profession's requirement that Pennsylvania tax returns comply with Pennsylvania law.

The Department points to Section 303(a)(3) of the TRC and Section 103.13(e) of the PIT regulations,[6] for the Department's authority to tax net gains on

---

[6] Section 103.13(e) of the PIT regulations states, in relevant part:

> *Gain or loss on property acquired on or after June 1, 1971.* The amount subject to tax shall be the net gains or net income less net losses derived from the sale, exchange or other disposition of property—real or personal, tangible or intangible—to the extent the

**(Footnote continued on next page…)**

exchanges of property.  As to when net gains on property exchanges should be taxed, the Department points to the PIT regulation which states:  "General rule.  An amount, the privilege of receiving which is taxable, shall be considered as received in the year in which it is actually or constructively received unless includable for a different year in accordance with the method of accounting of the taxpayer."  61 Pa. Code §101.7(a).  The regulation goes on to provide examples of when certain types of income shall be taxable under the accrual method of accounting, under the cash method of accounting, and when income is received due to recovery of bad debts for accounts charged off in prior years.  *Id.*

The Department argues that it has the authority to disallow Taxpayers' use of the FIT method of accounting because it does not clearly reflect income, as income is defined in the TRC and PIT regulations.  The Department argues that net gains must be determined "in accordance with accepted accounting principles" pursuant to Section 303(a)(3) of the TRC, and that "accepted accounting principles and practices" are defined in Section 301(a) of the TRC as "those accounting principles, systems or practices, including the installment sales method of reporting, which are acceptable by standards of the accounting profession and which are not inconsistent with the regulations of the [D]epartment setting forth such practices and principles."  72 P.S. §7301.  The Department notes that Section 303(a.1) of the TRC gives the [D]epartment the authority to disallow a method of accounting if it does not clearly reflect income, and to choose another method which, "in the opinion of the Department," clearly reflects income.  72 P.S. §7303(a.1).

_____

> value of that which is received or receivable is greater than or, in the case of a loss, less than the basis of the taxpayer.

61 Pa. Code §103.13(e).

11

The Department points to its June 21, 2017, response to a Board inquiry on whether the FIT method of accounting clearly reflects income for purposes of reporting taxable income under the TRC, which is included as Exhibit L to the JSOF. In this response the Department stated that the FIT method of accounting is not an acceptable method under the TRC. It characterized the FIT method of accounting as an OCBOA that is "simply a recapitulation of income as discerned by applying the [IRC]." JSOF Exhibit L at unnumbered 2. Because the Department may not base its PIT on federal tax principles that do not apply to Pennsylvania tax law "it would be improper for [the Department] to view the [FIT] method of accounting as a valid method on which taxpayers can compute net profit." *Id.* According to the Department, tax deferral on gains from like-kind exchanges under IRC §1031 is an example of an IRC provision that is not permitted under the TRC.

The Department points out that its currently available guidance, specifically the Revised Bulletin, notifies taxpayers that the TRC does not "contain a provision analogous to IRC §1031." Therefore, the Department argues that IRC §1031 cannot be used as a basis to defer gain from the exchange of properties for PIT purposes.

As to the second issue, Taxpayers argue that the Department changed its interpretation of like-kind exchanges when it determined that a taxpayer may not defer gain realized in a like-kind exchange under IRC §1031, regardless of a taxpayer's accounting method, including the FIT method of accounting. Taxpayers argue that the Department erred when it concluded that the FIT method of accounting does not clearly reflect income for tax deferral for like-kind exchanges.

Taxpayers agree that the Department's interpretation of the statutes and regulations it is charged with enforcing is entitled to deference. However, it argues

12

that this Court "need not defer uncritically, particularly if [it] find[s] that the interpretation is imprudent or inconsistent with legislative intent." *500 James Hance Court v. Pennsylvania Prevailing Wage Appeals Board*, 33 A.3d 555, 573 (Pa. 2011). Taxpayers argue that Sections 301 and 303 of the TRC do not specifically address the requirements for determining whether an accounting method clearly reflects income, although Section 301(a) of the TRC defines the term "accepted accounting principles and practices." Taxpayers agree that although the TRC authorizes the Department to promulgate PIT regulations, they argue that the regulations must give effect to the TRC's formulation of what constitutes an accepted accounting principle and practice. Taxpayers argue that Section 101.2 of the PIT regulations is such a rule, which provides that a "method of accounting which reflects consistent application of accounting principles in a particular trade . . . shall be presumed to clearly reflect income if the method is used for Federal income tax purposes." Taxpayers argue that the Department has not issued any public notice that Section 101.2 should be revoked as inconsistent with the intent of the legislature.

Taxpayers argue that the Department abused its discretion by ignoring its own regulation, namely Section 101.2 of the PIT regulations. Taxpayers argue that the Board's letter dated June 21, 2017, discussed above, purported to interpret Section 101.2, but left out the presumption that the accounting method shall be presumed to clearly reflect income "if the method is used for Federal income tax purposes." 61 Pa. Code §101.2. Taxpayers further argue that the Department erred when it attempted to amend or overrule Section 101.2 by issuing the Revised Bulletin and revised tax form instructions in 2017. Taxpayers argue that the Department's 2017 revisions to its guidance were an improper attempt to revise the

13

PIT regulations without adhering to the formal requirements for amending or promulgating formal regulations. Taxpayers cite *Hillcrest Home, Inc. v. Department of Public Welfare*, 553 A.2d 1037, 1042 (Pa. Cmwlth. 1989), for the holding that an agency may not issue a policy determination or clarification that attempts to make substantive changes to a regulation without adhering to the requirements under the law commonly referred to as the Commonwealth Documents Law.[7]

Taxpayers argue that the Department abused its discretion when it issued the Revised Bulletin in 2017, which served as a retroactive amendment to its regulations. Taxpayers argue that the Department's *ex post facto* guidance was an attempt to unilaterally rewrite the law without legislative change or through the formal regulatory process, which it cannot do.

The Department responds that its position is consistent with the TRC, with case law, and with PIT regulations. First, the Department argues that its position is consistent with the TRC, which does not incorporate the tax deferral for like-kind transactions in IRC §1031. By way of comparison, the Department cites numerous exemptions from tax on net gains in the TRC that do incorporate federal provisions, *e.g.*, exchange of corporate stock to a corporation controlled by the transferor, pursuant to Section 303(3)(iv) of the TRC, 72 P.S. §7303(3)(iv) and Section 351 of the IRC, 26 U.S.C. §351. The Department argues that the absence of an analogous provision to IRC §1031 in the TRC means that the legislature did not intend to allow taxpayers to use a method of accounting, here the FIT method, that incorporates the federal deferral. The Department highlights several failed legislative attempts to incorporate IRC §1031 into the TRC as further evidence that the legislature has declined to adopt this federal policy. The Department also argues

---

[7] Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§1102-1602; 45 Pa. C.S. §§501-907.

14

that its position on this issue is entitled to deference because it is consistent with the TRC's mandate that all net gains are taxable unless there is an express exemption. The Department argues that where the statute is technically complex, like the TRC, "'a reviewing court must be even more chary to substitute its discretion for the expertise of the administrative agency.'" *Philadelphia Suburban Corporation v. Commonwealth*, 601 A.2d 893, 898 (Pa. Cmwlth. 1992), *vacated sub nom. Philadelphia Suburban Corporation v. Board of Finance and Revenue*, 635 A.2d 116 (Pa. 1993) (quoting *SmithKline Beckman Corporation v. Commonwealth*, 482 A.2d 1344, 1353 (Pa. Cmwlth. 1984), *aff'd*, 498 A.2d 374 (Pa. 1985)).

The Department also argues that its position is consistent with case law that has refused to allow taxpayers to incorporate federal provisions into Pennsylvania tax law without express legislation. *Commonwealth v. N.I., Inc.*, 375 A.2d 898, 899 (Pa. Cmwlth. 1977), *aff'd*, 393 A.2d 653 (Pa. 1978). The Department further argues that this Court has held that federal tax principles are not automatically incorporated into the TRC. *Tygart Resources, Inc. v. Commonwealth*, 578 A.2d 86, 88 (Pa. Cmwlth. 1990), *aff'd sub nom. Tygart Resources, Inc. v. Board of Finance and Revenue*, 607 A.2d 1074 (Pa. 1992). The Department also cites *AMP Products Corporation v. Commonwealth*, 593 A.2d 1 (Pa. Cmwlth. 1991), *aff'd sub nom. AMP Products Corporation v. Board of Finance and Revenue*, 608 A.2d 25 (Pa. 1992), in support of this argument.

The Department further responds that its position is consistent with PIT regulations. The Department argues that Section 101.7 of the PIT regulations, which states that income is considered received in the year it is actually received unless includable for a different year in accordance with the taxpayer's accounting method, must be read *in pari materia* with Section 101.2 of the PIT regulations on accounting

15

methods. Section 101.2 permits taxpayers to use the accounting method that best suits their needs, so long as it clearly reflects income. The Department also argues that its position is consistent with Section 103.13 of the PIT regulations, which states: "gain on the disposition of property is recognized in the taxable year in which the amount realized from the conversion of property into cash or other property exceeds the adjusted basis of the property." The Department argues that Taxpayers realized gain by converting real property into other real property in 2013 and 2014, and under the plain language of Section 103.13, the gain is recognized in those years. The Department argues that the FIT method of accounting, which incorporates IRC §1031 deferral on like-kind exchanges, fails to recognize gain from the disposition of property, is inconsistent with PIT regulations, and therefore, is not a method that clearly reflects income. The Department argues that its position is also consistent with Section 101.2 of the PIT regulations, which presumes an accounting method to clearly reflect income if it reflects consistent application of generally accepted accounting principles in a particular trade and is used for federal income tax purposes. The Department argues that the presumption in favor of the FIT method of accounting is rebuttable. The Department argues that it overcame this presumption because it determined the incorporation of IRC §1031 to defer gain does not clearly reflect income.

The Department also argues that its position ensures Pennsylvania-sourced-gain is taxed when the like-kind exchange occurs. Unlike other states that permit tax deferral on like-kind exchanges, Pennsylvania tax law does not contain a "claw-back" provision that would allow it to track tax-deferred property at some point in the future when a non-resident exchanges Pennsylvania-sourced property for property in another state. The Department also argues that its position ensures

16

uniformity, because taxpayers receiving the same income are subject to the same tax burden. The Department argues that taxpayers using ordinary methods of accounting would be subject to PIT on gains from the exchange of real property when the exchange occurred, but taxpayers using the FIT method would be able to defer PIT. The Department thus argues that its position ensures no taxpayer takes advantage of a benefit that is unavailable to other taxpayers. The Department cites *Amidon v. Kane*, 279 A.2d 53 (Pa. 1971), to support its uniformity argument.

Finally, the Department argues that it has taken a consistent position on IRC §1031, even though it revised the language in its Bulletin. The Department characterizes the Revised Bulletin as a clarification of the earlier Bulletin, both of which are consistent with the TRC and PIT regulations, neither of which permits tax deferral for like-kind exchanges.

At issue in this appeal is the interpretation of Sections 303 and 301 of the TRC. As the Supreme Court has explained:

> When presented with issues of statutory interpretation, this Court's standard of review is de novo and our scope of review is plenary. *Whitmoyer v. Workers' Compensation Appeal Board (Mountain Country Meats)*, 186 A.3d 947, 954 (Pa. 2018). We are mindful, as always, that the object of statutory interpretation is to ascertain the intent of the General Assembly, the best indicator of which is the plain language of the statute itself. 1 Pa. C.S. §1921(a)(b); *Department of Labor & Industry v. [Workers' Compensation Appeal Board] (Lin & [Eastern] Taste)*, 187 A.3d 914, 922 (Pa. 2018). Where statutory language is clear and unambiguous, this Court must give effect to the words of the statute. *Crown Castle NG [East] LLC v. Pennsylvania Public Utility Commission*, 234 A.3d 665, 674 (Pa. 2020). When interpreting a statute, courts may not look beyond the plain meaning of a statute under the guise of pursing its spirit. *Id.*; *see also Warrantech*

17

*Consumer Products Services, Inc. v. Reliance Insurance Company in Liquidation*, 96 A.3d 346, 354 (Pa. 2014).

*City of Johnstown v. Workers' Compensation Appeal Board (Sevanick)*, 255 A.3d 214, 221 (Pa. 2021).

Although they did not so stipulate, neither Taxpayers nor the Department dispute that Taxpayers' gains from like-kind exchanges are subject to PIT under Section 303(a)(3) of the TRC, which provides in relevant part: "Net gains or net income, less net losses, derived from the sale, exchange or other disposition of property, including real property . . . as determined in accordance with accepted accounting principles and practices." 72 P.S. §7303(a)(3). The question remains as to when such gains are subject to PIT, whether they are subject to PIT when the like-kind exchange occurs as the Department argues, or whether PIT may be deferred on such gains until the exchanged property is sold, as Taxpayers argue. To address the question of when such gains are subject to PIT, we must turn to Section 303(a.1) of the TRC, which provides that income for PIT purposes shall be calculated "under the method of accounting on the basis of which the taxpayer regularly computes income in keeping the taxpayer's books." Section 303(a.1) goes on to state that "[i]f the [D]epartment determines that . . . the method does not clearly reflect income, the computation of income shall be made under a method, which, in the opinion of the [D]epartment, clearly reflects income." 72 P.S. §7303(a.1).

Finally, we turn to Section 301 of the TRC, which defines "accepted accounting principles and practices" as "those accounting principles, systems or practices, including the installment sales method of reporting, which are acceptable by standards of the accounting profession and which are not inconsistent with the regulations of the [D]epartment setting forth such principles and practices," unless otherwise explicitly provided for in the TRC. 72 P.S. §7301.

18

Here, Taxpayers use the FIT method of accounting, which, as described by Taxpayers' Expert, "is a basis of accounting derived from the laws and regulations that define the measurement and timing of income used for Federal tax purposes." JSOF Exhibit M at 26. Taxpayers' Expert further states that "FIT was eminently appropriate for record-keeping and reporting requirements of the [Taxpayers], including with respect to the filing of Federal income tax returns…." *Id.* Taxpayers' Expert further states that "FIT rules permit the deferral of gain or loss for transactions in which a taxpayer exchanges 'real property' for a like-kind 'replacement property' (in lieu of receiving cash consideration). Through maintenance of the historical cost of the asset, such deferral provisions accurately reflect rather than 'distort' income." *Id.*

In contrast, the Department's Expert described Taxpayers' method of accounting as a "modified cash basis" based on the parties' stipulations that Taxpayers use the Rent Manager software program to maintain their "books and records for both book and tax purposes," which their accountants then use to make the adjustments necessary for Taxpayers to file their annual Federal tax returns. JSOF Exhibit P at 8; JSOF ¶¶18, 19. The Department's Expert states that "[t]he federal income tax adjustments create federal income tax financial data that is acceptable to the IRS." *Id.* The Department's Expert further states that "[n]ext, the accountant/[Certified Public Accountant] goes back to the modified cash basis of accounting financial data and incorporates the state tax income adjustments. The state income tax adjustments create state income financial data that is acceptable to the [Department]." *Id.*

Based on the plain language of Section 303(a.1) of the TRC, we conclude that Taxpayers' use of the FIT accounting method does not "clearly reflect

19

income" for PIT purposes, because the TRC does not permit tax deferral on like-kind exchanges. We find both Taxpayers' and the Department's Experts' statements describing the FIT accounting method to be credible, *i.e.*, that Taxpayers used the FIT accounting method to prepare and conform their income and expenses to Federal tax rules and regulations, including tax deferral on like-kind exchanges pursuant to IRC §1031. However, we also find to be credible the Department's Expert's statement that Taxpayers' accounting method requires adjustments to "create state income financial data that is acceptable to the [Department]." Here, we conclude that Taxpayers must make the adjustments necessary to account for gain realized from their like-kind transactions at the time the transactions occurred, so that these gains may be subject to PIT under the TRC's definition of income, which does not permit deferral.

This Court addressed the appropriate TRC tax treatment for employer contributions to an employer-maintained retirement benefit program in *AMP Products Corporation*. In *AMP Products Corporation*, the employer sought exemption from PIT for its contributions to a defined contribution employee pension benefit plan because such contributions were exempt from Federal tax when the contributions were made pursuant to Section 401(k) of the IRC, 26 U.S.C. §401(k). 593 A.2d at 3. However, under the TRC and PIT regulations, contributions to a qualified employee benefit plan are subject to PIT at the time the contributions are made. *Id.* This Court held that the employer's reliance on federal law to exempt its retirement contributions from PIT was misguided because "'[t]he sovereign power of taxation, except that part of it ceded to the United States, is in the state,'" and further, "'[i]n Pennsylvania, the power to tax is statutory and must be derived from enactment of the General Assembly.'" *Id.* (internal citations omitted). In concluding

20

that the employer's contributions to its retirement plan were taxable when made, this Court held that "the Federal scheme is inapplicable to Pennsylvania. As a sovereign, the Commonwealth can impose its own scheme of taxation and has chosen to tax such contributions at the time they are made." *Id.* Our Supreme Court has similarly held that accrued interest on loan principal was includable as taxable gain under the TRC, even though the gain was not converted into cash or other property. *Wirth v. Commonwealth*, 95 A.3d 822 (Pa. 2014).

We next turn to the relevant PIT regulations regarding "accounting methods" to determine whether Taxpayers' use of the FIT accounting method and its deferral of tax on gains from like-kind exchanges is consistent with those regulations as required by Section 301 of the TRC. To do so, we must first start with the plain language of the regulations, where we are guided by the same principles of statutory interpretation applicable to the TRC. Section 1502(a)(1)(ii) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1502(a)(1)(ii); *Cain v. Allegheny County Housing Authority*, 986 A.2d 947, 950-51 (Pa. Cmwlth. 2009). Section 101.2 of the PIT regulations does not proscribe a particular method of accounting, but it does require that the taxpayer's accounting method "clearly reflect income." 61 Pa. Code §101.2. Section 101.2 of the PIT regulations further states that an accounting method that reflects generally accepted accounting principles in a trade or business "shall be presumed to clearly reflect income if the method is used for Federal income tax purposes." *Id.* Section 101.1 of the PIT regulations defines "accepted accounting principles" as those principles acceptable by accounting profession standards and "which are not inconsistent with the regulations of the Department setting forth those principles and practices." 61 Pa. Code §101.1. Based on the plain language of these PIT regulations, we conclude that Taxpayers are not

21

prohibited from using the FIT method of accounting, because that method is regularly used in the real estate development business, and Taxpayers have used and continue to use this method of accounting in their business.

However, Taxpayers' use of the FIT method of accounting cannot be used to defer gains on like-kind exchanges, because in doing so, the FIT method of accounting does not clearly reflect income under the TRC. Taxpayers correctly argue that, under the PIT regulations, the FIT accounting method is presumed to clearly reflect income because the method is used for federal income tax purposes. Nevertheless, as applied to tax deferral on like-kind exchanges, the FIT accounting method does not clearly reflect income, and, therefore, that presumption has been rebutted here.

Lastly, we turn to Taxpayers' argument that the Department erred in interpreting Section 101.2 of the PIT regulations and abused its discretion when it attempted to amend or overrule Section 101.2 by issuing the Revised Bulletin and revised tax form instructions in 2017. As discussed above, we conclude that the Department did not err in interpreting Section 101.2 of the PIT regulations when it determined that Taxpayers' use of the FIT method of accounting did not clearly reflect income because tax deferral on like-kind exchanges is not permitted under the TRC.

We agree with Taxpayers that when the Department issued its Revised Bulletin in 2017, it deleted language from the earlier Bulletin regarding the use of accounting methods. However, both the Bulletin and the Revised Bulletin offer the same guidance, namely that IRC §1031 tax deferral on gains from like-kind exchanges is not permitted under the TRC. Therefore, we cannot conclude that the Department abused its discretion when it issued the Revised Bulletin or other similar

22

guidance, when the guidance remained consistent in its treatment of tax deferral on like-kind exchanges. Although we are mindful that the parties stipulated that Taxpayers relied on the Bulletin when preparing their PIT returns, JSOF ¶35, their reliance on this guidance, even if misleading, cannot prevent the Department from collecting a tax that is legally due. *American Electric Power Service Corporation*, 160 A.3d at 960. Further, Department regulations provide that revenue information including bulletins are for "informational purposes only" and "should not be relied upon in tax appeals." 61 Pa. Code §3.4. Finally, even if we found a conflict between PIT regulations and the Department's revenue information, which we do not, Department regulations outline that the order of precedence shall be: (1) regulations; (2) statements of policy; (3) letter rulings; and (4) revenue information. 61 Pa. Code §3.5.

Based on the foregoing analysis of the TRC and PIT regulations, we affirm the Department's assessment of PIT on Taxpayers' gains from like-kind exchanges.

_____
MICHAEL H. WOJCIK, Judge

23

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James and Karen Pearlstein,      :
                                       :
                 Petitioners    :
                                       :
           v.                 : No. 741 F.R. 2017
                                       :
Commonwealth of Pennsylvania,    :
                                       :
                 Respondent :

## **O R D E R**

AND NOW, this 2nd day of December, 2021, the order of the Board of Finance and Revenue dated August 23, 2017, is AFFIRMED. Unless exceptions are filed within 30 days pursuant to Pa. R.A.P. 1571(i), this order shall become final.

_____
MICHAEL H. WOJCIK, Judge

James and Karen Pearlstein,        :
                  Petitioners        :
                             :
           v.                   :       No. 741 F.R. 2017
                             :       Argued: June 9, 2021
Commonwealth of Pennsylvania,      :
                  Respondent      :

BEFORE:     HONORABLE P. KEVIN BROBSON, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

DISSENTING OPINION
BY JUDGE CROMPTON                FILED: December 2, 2021

James and Karen Pearlstein (Taxpayers) petition for review of the order of the Board of Finance and Revenue (Board), which sustained in part and denied in part the Department of Revenue's (Department) assessment of Personal Income Tax (PIT) against Taxpayers, plus interest, for the years 2013 and 2014. The issue is the Board's assessment of PIT for Taxpayers' net gains or income from the disposition of property, *i.e.*, PIT owed on like-kind exchanges of real property during the 2013 and 2014 tax years. Specifically, the dispute involves *when* that PIT is owed. Taxpayers, who are partners in a number of real estate development and management partnerships, and who use the Federal Income Tax (FIT) method, contend that the Department abused its discretion and was inconsistent with its own

regulatory interpretation when it imposed tax liability (PIT, plus interest since the exchange) on the like-kind exchanges before income from the exchanges was realized. Taxpayers assert that under the FIT method, the income is realized when the exchanged property is sold. Because the FIT method is a generally accepted method of accounting and Taxpayers complied with the Department's construction of PIT regulations at the time of filing their PIT returns, I respectfully dissent.

Taxpayers consistently used the FIT method in their businesses. There is no dispute that the FIT method is used by businesses that buy, sell, develop and manage real estate like Taxpayers here. Further, the FIT method permits a deferral of income on like-kind exchanges in accordance with the Internal Revenue Code of 1986, 26 U.S.C. §1031 (IRC §1031). There is similarly no dispute that the Tax Reform Code of 1971 (TRC)[1] does not expressly recognize like-kind exchanges or adopt IRC §1031. But the TRC provides the Department with the ultimate authority to recognize permissible accounting methods based on its opinion as to what "clearly reflects income." Section 303(a.1) of the TRC, 72 P.S. §7303(a.1).[2] It is the task of this Court to ensure that the Department's discretion in this regard is not unfettered.

In their Petition for Review (Petition), Taxpayers assert the Department improperly adjusted their tax liability to recognize gain realized on disposition of real property at the time of the like-kind exchange when the gain was properly not recognized as income pursuant to the Department's guidance in effect when Taxpayers filed their PIT returns. I agree with Taxpayers' position since, at the time Taxpayers filed their returns, the 2006-07 PIT Bulletin, "Pennsylvania Tax Treatment of IRC §1031 Like-Kind Exchanges" (Bulletin) was in effect.

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§7101-10004.

[2] Added by the Act of August 31, 1971, P.L. 362.

JAC - 2

The Bulletin was published on the Department's website and presented as guidance for construing the PIT regulations, including Section 101.2 of the Department's regulations, 61 Pa. Code §101.2. Relevant here, the Bulletin advised the public, including Taxpayers, that "the Department has determined that gain or loss on like-kind exchanges does not have to be recognized at the time of the exchange <u>if a taxpayer's method of accounting permits the deferral of gain from a like-kind exchange.</u>" Joint Stip. of Facts, Ex. H (emphasis added). The non-recognition of the income at the time of the exchange was thus expressly permitted by the Department's guidance provided the taxpayer utilized the accounting method on a consistent basis.

Taxpayers' reporting of income on the 2013-14 PIT returns complied with the Bulletin to the letter. Notwithstanding Taxpayers' compliance, however, the Department imposed tax liability, including interest since the date of the exchange, against Taxpayers for the non-realized income of the exchanges as though the income was recognized at the time of the exchange. I take issue with this result as it had the effect of penalizing Taxpayers for following the Department's guidance and the example provided for purposes of filing returns. This is particularly troubling in these circumstances where Taxpayers *consistently* used the FIT method pursuant to the Bulletin, and previously completed like-kind exchanges and deferred the gains, *i.e.*, did not then recognize income, on the prior exchanges on their federal and Pennsylvania returns without incident. Joint Stip. of Facts ¶36.

While there is no question that the Department's construction of its regulations is entitled to deference,[3] the Department should not disavow prior interpretive guidance provided to the public to aid its understanding of applicable law.

Taxpayers' method of accounting and reporting of income was in complete conformity with the Bulletin. The Bulletin was also consistent with PIT regulations that allow taxpayers flexibility to determine an appropriate method for reflecting income, provided it is a "consistent application of generally accepted accounting principles in a particular trade or business." 61 Pa. Code §101.2. In addition, that method "shall be presumed to clearly reflect income, if the method is used for Federal income tax purposes."[4] *Id.* The Department's regulations must be construed and applied in a manner consistent with the guidance provided to Taxpayers at the time, which permitted the non-recognition of the gain on like-kind exchanges until the sale of the real property exchanged. *See* Bulletin.

Section 303(a.1) of the TRC also allows computation of income in accordance with the taxpayer's bookkeeping and consistent application. 72 P.S. §7303(a.1). The statute codifies the Department's judgment as to what method clearly reflects income, stating "the computation of income shall be made under a method which, in the opinion of the [D]epartment, clearly reflects income." *Id.* As such, the statutory meaning is ultimately a function of the Department's stated position, which, as illustrated by this case, is subject to change.

---

[3] *Harmon v. Unemployment Comp. Bd. of Rev.*, 207 A.3d 292 (Pa. 2019); *see Borough of Bedford v. Dep't of Env't. Prot.*, 972 A.2d 53, 61-62 (Pa. Cmwlth. 2009) ("[i]t is always the agency's burden to convince the tribunal that its interpretation of the statute or regulation it seeks to enforce is correct").

[4] It is unclear how the Majority avoids the presumption that the FIT method "clearly reflects income" as applied when the Bulletin was in effect when the FIT is, by its terms, used for Federal income tax.

Flexibility and taxpayer options are evident in the PIT regulations. Indeed, Section 101.7(a), like Section 101.2, makes the income calculation dependent on "the method of accounting of the taxpayer." 61 Pa. Code §101.7(a). Given the deference afforded to the Department's construction of the TRC, its regulations, and interpretive guidelines then in place, Taxpayers may not be penalized for their compliance based solely on the Department's change of opinion. An after-the-fact revision of its guidelines, while permitted, should not be applied retroactively to Taxpayers in this case.[5]

This Dissent does not suggest that the Department was not authorized to alter its construction of its regulations and evolve its principles over time, and so offers no opinion on the propriety of the Revised Bulletin issued in 2017. That the Department changed its view of the permissibility of not recognizing gain at the time of an exchange has no bearing on the issue at hand, which is whether Taxpayers may be required to pay interest as of 2013-14 on gains that were not recognized as such at the time of filing the 2013-14 PIT returns.

To the extent that the Majority Opinion discusses the permissibility of the Revised Bulletin,[6] it is irrelevant to the ultimate issue at hand. Taxpayers

---

[5] The same applies to the companion cases involving Reed and Gail Slogoff and Robert Pearlstein and Cynthia Pearlstein, who also filed petitions for review docketed to Pa. Cmwlth., Nos. 742 F.R. and 743 F.R. 2017, respectively, which are addressed by separate opinions adopting this rationale.

[6] The Revised Bulletin provides: "Therefore, IRC §1031 cannot be used as a basis to defer gain from the exchange of properties for Pennsylvania Personal Income Tax purposes." The Majority mischaracterizes the issue when it states that "the Bulletin and the Revised Bulletin offer the same guidance, namely that IRC §1031 tax deferral on gains from like-kind exchanges is not permitted under the TRC." *Pearlstein v. Cmwlth.*, ___ A.3d ___ (Pa. Cmwlth., No. 741 F.R. 2017, filed Dec. 2, 2021), slip op. at 22. Were that the case, there would have been no need to revise the Bulletin to so provide and, attendant to that, alter its construction of when the Department will recognize income is realized from like-kind exchanges.

JAC - 5

addressed the Revised Bulletin in terms of showing that the Department was conducting itself in an arbitrary and capricious manner in construing its regulations.[7]

Repeatedly, the Majority states that the FIT method of accounting did not clearly reflect income. *See, e.g.*, *Pearlstein v. Cmwlth.*, ___ A.3d ___ (Pa. Cmwlth., No. 741 F.R. 2017, filed Dec. 2, 2021), slip op. at 22. However, the TRC left that judgment to the Department; significantly, the Department opined in the Bulletin that the deferral of income on like-kind exchanges was permitted.

Taxpayers adopted and consistently used a method of accounting for book purposes that is based on accepted accounting principles and practices, namely, FIT. They reported their PIT income in conformity with the FIT method, and thus complied with PIT regulations that required that they report income in a manner consistent with their selected and generally accepted accounting method.

The FIT method is utilized widely and was utilized consistently by Taxpayers here. In the Bulletin, the Department expressly acknowledged acceptance of like-kind exchanges utilizing a consistently used and generally accepted accounting method. Therefore, Taxpayers are entitled to the benefit of the Department's opinion at the time. Stated differently, the Revised Bulletin should not have been applied retroactively to Taxpayers in these circumstances, where they consistently used the FIT and complied with then-applicable law and stated policy.

Section 101.2 of the PIT regulations should have been construed and applied to the 2013-14 tax years in accordance with the Department's then-current interpretation. The Department's after-the-fact application of the Revised Bulletin to Taxpayers' PIT returns has the effect of altering the legal landscape after

---

[7] As only the Board's decision on the 2013-14 tax year liability is properly before the Court, any discussion in the Majority Opinion as to the status of the Revised Bulletin is *dicta*. Nonetheless, the Department must apply the law as it was in effect at the relevant time.

Taxpayers complied with applicable and then available guidance when filing their PIT returns. In allowing the Department to disregard the Bulletin, and instead apply the Revised Bulletin to the tax years in question, the Majority errs.[8]

For the foregoing reasons, I depart from the Majority's analysis and result. I would conclude that Taxpayers are not liable for gain on the increased value of a like-kind exchange at the time of the exchange; rather, Taxpayers' PIT is owed at the time the income is realized from the exchange, as by sale.

_____
J. ANDREW CROMPTON, Judge

---

[8] Additionally, it is inaccurate to imply that Taxpayers are attempting to avoid the payment of PIT that is "legally due." Majority Op. at 23. Taxpayers do not challenge that PIT is owed on net gains on like-kind exchanges once the income is realized. *See* Taxpayers' Reply Br. at 7.